305 So.2d 217 (1974)
Richard D. BRASSELL et al., Appellants,
v.
Alexander H. BRETHAUER and Donna L. Brethauer, His Wife, Appellees.
No. 74-324.
District Court of Appeal of Florida, Fourth District.
December 13, 1974.
*218 William C. Wulfers, Jr., of Hoffman, Hendry, Parker & Smith, Orlando, for appellants.
Dennis J. Hightower, of Whitaker, Koepke & Associates, Orlando, for appellees.
DOWNEY, Judge.
Alexander H. Brethauer and Donna L. Brethauer, his wife, as plaintiffs below, suffered an adverse jury verdict in a personal injury action. Shortly thereafter they filed a motion for a new trial and a notice of intention to interview jurors pursuant to the provisions of EC 7-29 of the Code of Professional Responsibility. The defendants, Richard D. Brassell and others, thereupon filed an objection to the notice of intention to interview on the grounds, among others, that the notice (a) stated that "the plaintiffs merely suspect that the verdict is improper and do not have any reasonable grounds in fact upon which to base their mere suspicions that the verdict was improper," and (b) failed to name the jurors to be interviewed. After a hearing upon said objection the trial court entered an order finding that Canon *219 7, Disciplinary Rule 7-108(D) and Ethical Consideration 7-29, of the Code of Professional Responsibility, 32, F.S.A., did not provide any function for the court to perform except to receive a copy of the notice of intention to interview. Plaintiffs then filed notice that they would take the deposition of each juror and procured the issuance of witness subpoenas for said jurors. Defendants sought a protective order quashing the notice to take depositions. The trial court denied the protective order and confirmed the issuance of the witness subpoenas so that plaintiffs might determine whether the verdict was subject to any legal challenge.
Since no final judgment has been rendered in this cause, defendants' attempt to obtain review of the trial court's ruling by interlocutory appeal is improvident. However, in view of the inability to effectively rectify the error after the entry of a final judgment, we have treated the matter as a petition for writ of certiorari.
The primary question involves the adequacy of the notice of intention to interview. Ethical Consideration 7-29 provides, inter alia:
"Both before and during the trial, a lawyer should avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not. Subject to any limitations imposed by law it is a lawyer's right, after the jury has been discharged, to interview the jurors solely to determine whether their verdict is subject to any legal challenge provided he has reason to believe that ground for such challenge may exist, and further provided that prior to any such interview made by him or under his direction, he shall file in the cause, and deliver a copy to the trial judge and opposing counsel, a notice of intention to interview such juror or jurors setting forth in such notice the name of each such juror. The scope of the interview should be restricted and caution should be used to avoid embarrassment to any juror and to avoid influencing his action in any subsequent jury service." (Emphasis added.)
Plaintiffs' notice in pertinent part stated that "As grounds, the Plaintiffs suspect the verdict is improper, is contrary to the law and the evidence, was rendered under some misunderstanding of the law and the evidence by the jurors, and was rendered on consideration of matters other than the law and evidence."
It is apparent that plaintiffs' notice contains nothing but a vague assertion that plaintiffs suspect the verdict in question is subject to legal challenge. However, we think a fair reading of the rule requires the notice to contain a recitation of the known facts giving rise to the "reason to believe that ground for such challenge may exist." Otherwise, why serve notice on the court and opposing counsel? If the facts recited demonstrate a reasonable ground to believe the verdict is subject to attack, counsel may proceed to effectuate the interview. On the other hand, if the facts do not show reasonable grounds for such belief, then opposing counsel is entitled to have the interview enjoined. Absent the requirement of a factual allegation in the notice the subjective conclusion of the loser in every trial would warrant a jury interview.
It used to be common practice for counsel to interview jurors at the end of a trial, both to find out "what went wrong" and for the general education of counsel. However, in 1966 upon petition of the Florida Bar the Supreme Court of Florida amended Canon 23 (the predecessor of Canon 7) so as to terminate indiscriminate interviewing of jurors by requiring that a lawyer have "reason to believe" and that he file notice of his intention to interview. In Re Canon of Ethics Governing Attorneys, Fla. 1966, 186 So.2d 509. It is interesting to note that the rule proposed by the Florida Bar did not contain the provision *220 requiring the filing of written notice prior to any interview. That provision was gratuitously added by the Supreme Court. See Opinion 66-47, Selected Opinions of the Committee on Professional Ethics of The Florida Bar, 1959-1967. It seems clear that the purpose of the amendment was to preserve the right to interview jurors only where such interview is justified by facts that indicate the verdict is faulty. Our view is consistent with, though somewhat more explicit than, Opinion 69-17, Selected Opinions of the Professional Ethics Committee of The Florida Bar, 1968-1970. There the committee had been asked the following question and proposed the following answer:
Question: "Must the written notice of intention to interview set forth the reason or reasons why I believe that ground for challenge of the verdict may exist?"
Answer: "Two members dissenting, the Committee feels that the intent of the amendment to the Canon is at least sufficiently clear to require that some appropriate statement of the basis for the challenge of the jury verdict be placed in the notice. Accordingly, we answer the second question in the affirmative."
In the present case the trial court envisioned its function as simply one of receiving the notice for filing. However, it is the duty of the courts to see to it that the Canons of Professional Responsibility are complied with. 7 C.J.S. Attorney and Client § 58; cf. Dudley v. Wilson, 152 Fla. 752, 13 So.2d 145 (1943); Millican v. Hunter, Fla. 1954, 73 So.2d 58. Therefore defendants' objection having been called to the court's attention, it was the court's responsibility to determine whether plaintiffs in fact had reason to believe the verdict was defective or whether they merely had high hopes of stumbling upon some basis for attacking the verdict.
Accordingly, we grant the petition for writ of certiorari, quash the order under review, and remand the cause with directions to allow plaintiffs to file an amended notice of intention to interview jurors, setting forth the facts upon which they rely for the belief that the verdict in question is subject to challenge.
OWEN, C.J., and CROSS, J., concur.