354 So.2d 454 (1978)
NATIONAL INDEMNITY COMPANY, Paul Van Dosen, Walter Styrzo, and Albert Balcombe, d/b/a Atlas Ambulance Service, Appellants,
v.
Sue L. ANDREWS et Vir., Appellees.
No. 77-614.
District Court of Appeal of Florida, Second District.
January 27, 1978.
*455 Stephen F. Myers of Shackleford, Farrior, Stallings & Evans, Tampa, for appellants.
Lee S. Damsker of Gordon & Maney, Tampa, for appellees.
BOARDMAN, Chief Judge.
In this interlocutory appeal defendants/appellants, National Indemnity Co., Paul Van Dosen, Walter Styrzo, and Albert Balcombe, d/b/a Atlas Ambulance Service, attack the order of the trial court granting a motion to interview jurors filed by plaintiffs/appellees, Sue L. and John W. Andrews, as permitted by Fla.R.Civ.P. 1.431(g).[1]
We are of course well aware that Rule 1.431(g) provides that the trial court may permit members of the jury to be questioned under certain circumstances to determine whether grounds to challenge their verdict exist. A jury verdict will not be disturbed, however, in the absence of a showing that it "does not square with right and justice and there is reasonable ground to conclude that the jury acted through sympathy, passion, prejudice, mistake, or other unlawful cause... ." Florida Publishing Co. v. Copeland, 89 So.2d 18, 20 (Fla. 1956).
The motion filed by appellees alleged as grounds for the interview that:
1. It appears as a matter of fact that the jury was guided by either passion, prejudice, or other matters outside of the record of this cause, and that they did not follow the instructions on the law as given and expressed by the Court; or in the alternative,
2. That the jury was confused by the instructions of the Court and by the argument by the counsel for the Defendants in that they did not follow the instructions of the Court concerning the greater weight of the evidence.
3. That the jury was influenced by matters outside of the record in this *456 cause and allowed such influence to taint the verdict rendered.
4. That the jury persistently did not follow the instruction of the Court as to not discussing the case among themselves or with others.
It appears from the record that these conclusory allegations were bottomed upon pure speculation and surmise of appellees' attorney, unsupported or uncorroborated either by sworn affidavit or statements of even one of the jurors or a third party who was aware of an impropriety, wrongdoing, or violation of the oath of a juror affecting the jury verdict. At the hearing on the motion the attorney offered no further support for the motion by stating that: "We believe that perhaps something the jurors might have to say might be material on the question of whether or not we ought to have a new trial" (emphasis added).
There is no support in the record before us that the jury was tampered with, nor that appellees or their attorney had any knowledge of any misconduct or irregularity on the part of any juror in the trial of the case which would require reversal of the verdict. We submit that the case was fairly and impartially tried. The rights of the parties were not infringed upon or prejudiced in any manner. After the verdict of the jury was published the court inquired whether either counsel cared to have the jury polled. At the suggestion of trial counsel for plaintiffs each juror was polled and each announced that the verdict reached was his or hers. In a recent decision of this court, speaking through Judge McNulty, now retired, we held:
If a verdict is pronounced in the presence of all jurors which presumptively has satisfied the enlightened conscience of each of them it is against public policy to inquire into the motives and influences by which their deliberations were governed. The rule is founded on the sound policy of preventing litigants or the public from invading the privacy of the jury room.
Velsor v. Allstate Insurance Co., 329 So.2d 391, 393 (Fla. 2d DCA 1976).
While we recognize the authority of the trial court to order jurors to be interviewed after their verdict is reached in a proper case we say that this does not appear to be such a case for the exercise of that authority. This is not a case wherein a miscarriage of justice will result if the jurors are not permitted to be interviewed or interrogated. The spirit and intent of the rule was to protect and prevent just such from taking place. The rule was not intended to authorize broad hunting expeditions or fishing excursions. The Supreme Court of the United States in considering the advisability of permitting a party to inquire into a jury's basis for reaching a verdict suggested that to permit the inquiry "`would open the door to the most pernicious arts and tampering with jurors.' `The practice would be replete with dangerous consequences.' `It would lead to the grossest fraud and abuse' and `no verdict would be safe.'" McDonald v. Pless, 238 U.S. 264, 268, 35 S.Ct. 783, 784, 59 L.Ed. 1300 (1915).
Under Florida's liberal rule of civil procedure an interview of jurors will be allowed but only where some semblance of grounds are demonstrated which would subject the jury's verdict to challenge prior to the interview.
In view of our decision we do not deem it necessary to discuss the remaining points raised by appellants.
REVERSED.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] If a party believes that grounds for legal challenge to a verdict exist he may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within ten days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.