371 So.2d 203 (1979)
Cruz ORTEGA and Higinia Ortega, His Wife, Appellants,
v.
PERRINI and SONS, INC., d/b/a Western Auto of Wauchula and Fidelity and Casualty of New York, a Foreign Corporation, Appellees.
No. 78-1849.
District Court of Appeal of Florida, Second District.
May 18, 1979.
Abraham L. Bassie and Joel V. Lumer of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & Zientz, Miami, for appellants.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellees.
SCHEB, Judge.
The trial court awarded a new trial to appellees, defendants below, finding on the basis of facts developed in a posttrial interview of jurors that matters not in evidence had been considered. We reverse.
Appellants Cruz Ortega and Higinia Ortega sued appellees for damages for personal injuries they sustained when their truck, which was being serviced by appellee Western Auto, fell on Cruz Ortega breaking his back. The jury awarded damages of $20,000 to Cruz Ortega and $4,500 to his wife Higinia after finding appellant Cruz Ortega forty percent comparatively negligent.
After trial appellees filed a motion to interview jurors under Fla.R.Civ.P. 1.431(g). The only allegation to support the motion was a statement by counsel for appellees that "questions of the jury directed to the court during deliberation indicate the jury may well have arrived at a quotient verdict either on the question of damages or on the question of the comparative negligence between the parties." The court granted the request to interview the jurors on how they *204 arrived at their verdict. After the interviews were conducted the court entered an order finding that:
(1) The jury failed to follow the instructions of the court requiring that the verdict be based on the evidence in the record as it appears that the jury was influenced by or based their verdict on matters not in evidence, including matters within the personal knowledge of one or more of the members, and further considered future elements of damage for which there was no supporting evidence in the record.
(2) The verdict is against the manifest weight of the evidence in that the jury verdict included an award for future elements of damage in the face of uncontroverted evidence that such future loss was not to be expected.
At the outset we note that it appears unusual for the trial court to have permitted appellees to question the jurors on factors they considered in reaching a damage figure. See National Indemnity Company v. Andrews, 354 So.2d 454 (Fla. 2d DCA 1978); Velsor v. Allstate Insurance Company, 329 So.2d 391 (Fla. 2d DCA 1976); Fla.Bar Code Prof.Resp., E.C. 7-29, D.R. 7-108(D). The record below reflects no independent basis for challenge of the verdict as a quotient verdict or otherwise. Appellant, however, has not raised this point on appeal. Consequently, since resolution of the propriety of juror interviews is not essential to our conclusion, we do not address the issue further other than to quote from National Indemnity Company v. Andrews, supra, at 456:
Under Florida's liberal rule of civil procedure an interview of jurors will be allowed but only where some semblance of grounds are demonstrated which would subject the jury's verdict to challenge prior to the interview.
The trial court has broad discretion, however, to grant a new trial on proper grounds. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). When it does the court must specify grounds and give reasons to support the order and refer to facts in the record to make the order susceptible to appellate review. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). See Cassat Avenue Mobile Homes, Inc. v. Bobenhausen, 363 So.2d 1065 (Fla. 1978); White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978); Fla.R.Civ.P. 1.530(f).
Since no reference to facts from the record was made in support of the trial court's order, we have examined the record to seek support for the trial court's conclusions. However, neither the parties' briefs nor the record contain the necessary support.
The record reveals that the only matter not in evidence which may have been considered by a juror was reflected by one juror's comment at deposition:
I don't know the man's age, but we figured that he would be capable of earning $10,000 per year until he was sixty-five years old if there were nothing wrong with him. This is considering the work he was already in, and I happened to know how much a foreman is capable of earning. So, we took and I do not recall exactly how old the man was, but it seemed we were working with 12 or 13 years. And at a figure of 10 percent of $10,000 over a period of 13 years is how we arrived at that, plus we took his medical bills and added them to the figure we arrived at.
We do not think it unusual that a juror from rural Wauchula would bring to his deliberations some idea of the wages of a foreman of grove pickers. More importantly, however, the record shows that appellant's earnings prior to the accident were around $6,000 per year as a grove worker. On this basis, the fact that a single juror concluded that appellant could make $10,000 per year as a foreman in future years was not sufficient to vitiate the jury's verdict. Since appellant's prior earnings were in evidence, we do not find the juror's statement sufficient to imply consideration of matters not in evidence. It was, therefore, error for the trial court to have ordered a new trial on this basis.
We are likewise unable to find that the jury's apparent award of damages for *205 loss of future earning capacity was against the manifest weight of the evidence. The treating physician testified that appellant was ten percent permanently disabled because of the accident and that no further medical treatment would be needed. Appellant could work only in a limited capacity, without physical labor, and was unable to perform the duties of his prior job. Appellant himself testified that he was unable to do even household chores, and has constant back problems. Further support for the jury's award arises from the lack of any contradicting evidence in this area. Thus, we are unable to find support in the record for the trial court's conclusion that the jury award was against the manifest weight of the evidence.
We reverse the order granting a new trial, and remand with directions to reinstate the jury's verdict.
HOBSON, Acting C.J., and OTT, J., concur.