385 So.2d 694 (1980)
George Junior KIRKLAND and Houdaille-Duval-Wright, Inc., Appellants,
v.
Robert L. ROBBINS, Appellee.
No. 79-356/T4-407.
District Court of Appeal of Florida, Fifth District.
June 18, 1980.
Rehearing Denied July 22, 1980.
*695 Robert A. Wohn, Jr., Rockledge, for appellants.
Bruce W. Jacobus, Melbourne, and Fred Denius, Indialantic, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants, defendants below, appeal a final judgment of the Circuit Court for Brevard County awarding money damages for injuries sustained in a motor vehicle collision.
We affirm as to liability but reverse and remand for new trial on damages.
Appellant, George Kirkland, lost consciousness while driving an automobile owned by appellant, Houdaille-Duval-Wright, and struck a vehicle operated by appellee, Robert L. Robbins. Robbins sought to recover damages for orthopedic injuries to his spine and for a bowel and bladder condition allegedly caused by the accident. A second count for punitive damages was dismissed. Kirkland and Houdaille defended, contending that Kirkland's loss of consciousness was an "unexpected occurrence."
At trial, Robbins offered proof of medical expenses of approximately $1,030.00. The court permitted introduction of mortality tables. Robbins argued that a reasonable award would be $6,000.00 to $10,000.00 per year for his life expectancy of twenty-six years. The jury returned a verdict of $150,000.00.
After the trial, appellants filed a motion for remittitur or, in the alternative, for a new trial. Appellants also moved to interview the jury based on alleged misconduct stemming from the consumption of alcohol, boisterous behavior and an alleged consideration of improper evidence of injuries. At the hearing on these motions, the trial judge was troubled by the lack of proof of the cause of Robbins' bowel and bladder condition and strongly indicated he was considering the immediate entry of an order for remittitur or new trial. Appellants' motion to interview the jurors was then denied and ruling reserved on the motion for remittitur or new trial.
Appellants raise as error the denial of their motion for remittitur or, in the alternative, a new trial when the verdict was clearly excessive in light of the facts and circumstances. The question which gives us the most concern in considering this point is whether a trial judge is permitted to base his decision to grant or deny a motion for remittitur on post-trial interviews with members of the jury.
Rule 1.431(g), Florida Rules of Civil Procedure, states that if a party believes grounds for legal challenge to a verdict exists, he may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to challenge. If a verdict is pronounced in the presence of all jurors which presumptively has satisfied the enlightened conscience of each of them, it is against public policy to inquiry into the motives and influences by which their deliberations were governed. Velsor v. Allstate Insurance Co., 329 So.2d 391 (Fla. 2d DCA 1976). Thus, inquiry is proper only in such cases involving matters extrinsic to the verdict such as arrival at the verdict by lot or quotient, improper *696 contact with a juror or misconduct of a juror; investigation of the subjective decision-making process of the jury is not permissible. Id. at 393; Magid v. Mozo, 135 So.2d 772 (Fla. 1st DCA 1962). See also Ortega v. Perrini & Sons, Inc., 371 So.2d 203 (Fla. 2d DCA 1979).
In the case before us, counsel moved to interview the jury based in part on an alleged consideration of improper evidence of injuries. This allegation concerns the decision making process of the jury and therefore, inquiry was not permissible. The proper procedure for the trial judge was to poll the jury, as he did, and then order a new trial or remittitur in accordance with section 768.045, Florida Statutes (1977), if appropriate. The trial judge was not authorized to conduct an informal interview of the jurors after their dismissal and especially to then use the results of this poll as a factual basis for his decision on the motion for remittitur. After the jury has returned its verdict and has been discharged and separated, it cannot be recalled to alter or amend its verdict since the jury members lose their separate identity as a jury and are subject to extra trial influences. United States Fidelity & Guaranty Co. v. Gulf Florida Development Corp., 365 So.2d 748 (Fla. 1st DCA 1978). Thus, for the same reasons, it would appear that a juror's recall of the jury deliberations would also be unreliable and should not be allowed to influence the judge in his determination of the correctness of the verdict.
In the case sub judice, the trial judge had serious reservations as to the adequacy of Robbins' proof of causation of his bowel and bladder conditions. He concluded from his initial interview with members of the jury that this condition was a major factor in determining the award. After the hearing on the motion for remittitur, the trial judge conducted a second interview with the jury foreman and another juror and advised counsel by letter that he was apparently mistaken and that the jury had not been concerned to any great extent with the bowel and bladder condition. We have concluded that this information affected his decision not to grant remittitur or new trial.
Therefore, the judgment so far as liability is concerned, should be affirmed, but because of the trial judge's reliance on a post trial interview with members of the jury, the remainder of the judgment is reversed and this cause is remanded for new trial on the issue of damages.
AFFIRMED in part and REVERSED and REMANDED for new trial on damages.
ORFINGER and COBB, JJ., concur.