394 So.2d 1125 (1981)
KASPER INSTRUMENTS, INC., Appellant,
v.
Pauline D. MAURICE, Appellee.
Nos. 79-138, 79-550.
District Court of Appeal of Florida, Fourth District.
March 11, 1981.
*1126 Stephen C. McAliley of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellant.
Larry Klein and Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellee.
MOORE, Judge.
These consolidated appeals by the defendant in the trial court, appellant, involve a final judgment for the plaintiff, appellee, entered upon a remittitur after a jury verdict in a negligence suit, and an interlocutory order denying defendant's motion to interview the jurors after trial. The appellant contends that the trial court erred in failing to grant its request for a continuance, in granting the plaintiff a directed verdict on liability, in denying appellant's motion for a new trial, and in failing to permit an interview of the jurors. We affirm in all respects.
The appellee, Pauline Maurice, commenced this action against the appellant and the driver of appellant's automobile, Barbara Knudson, for personal injuries sustained by her in an automobile collision allegedly caused by Knudson. Knudson was eastbound. After stopping at an intersection, she proceeded to cross Alternate AIA, was struck by a northbound vehicle, and careened into the appellee's vehicle. At that time and at the time of filing suit, Knudson resided in Palm Beach County; however, at time of trial she resided in California.
Trial was noticed to commence the week of December 4, 1978. On December 5, the appellant moved for a continuance, essentially alleging that Mrs. Knudson's child was recuperating from a serious illness and her presence at trial would cause her severe hardship.[1] It was further alleged that her testimony was necessary and material to the issue of liability. Because Mrs. Knudson had been deposed by the plaintiff and the deposition was available for use at trial, the continuance was denied.
The granting of a motion for continuance is within the sound discretion of the trial court whose decision will not be disturbed absent a clear showing of gross or *1127 flagrant abuse. Williams v. Gunn, 279 So.2d 69 (Fla. 1st DCA 1973). Under these circumstances we find no abuse of discretion. Moreover, the request for continuance was based on an unsworn motion, it failed to state the substance of Mrs. Knudson's expected testimony or how it would differ from her deposition, it failed to state how long Mrs. Knudson's child's illness was known by the appellant or when she reasonably expected to be available, and also failed to allege that the deposition testimony did not fully present the defense position. See generally, 11 Fla.Jur.2d, Continuances, § 7, et seq.
Appellant next contends error in the granting of a directed verdict as to liability in favor of the appellee because the jury could have drawn an inference that the collision was an "unavoidable accident". This doctrine, however, is applicable only when, under some theory of the case, the injury does not result from the negligence of either party. Sirmons v. Pittman, 138 So.2d 765 (Fla. 1st DCA 1962). It is clear that the appellee was in no way negligent inasmuch as she was properly stopped at the intersection. Knudson, however, failed to exercise due care in entering the intersection. Her testimony revealed that she stopped at the intersection, looked both ways, thought she had time to cross in front of approaching traffic, and proceeded to cross. She remembered nothing else and could not estimate the speed of the vehicle which struck her. No attempt was made to prove the total negligence of the driver of the northbound vehicle, nor was there a shred of evidence as to its speed. It is obvious from the evidence that Knudson, at best, was a joint tortfeasor with the northbound driver and would be jointly and severally liable to the plaintiff. Accordingly, it was not error for the trial court to direct a verdict in favor of the appellee on the issue of liability.
Appellant next contends error in denying its amended motion for a new trial, urging that the verdict, as remitted, was excessive, and that the jury was influenced by improper factors. The appellee suffered severe dental injuries. One tooth was missing and never found; two front teeth were broken off at the gum line; and one eye tooth was forced up into her sinus. She was under treatment for approximately thirteen months during which time a bridge was installed to replace the missing teeth and two or three additional bridges will be necessary in the future. She suffered considerable pain and embarrassment due to the injuries and had nightmares for several months after the accident. Estimated future medical expenses approximate $8,000. The appellee suggested to the jury damages totalling $100,000, but after 28 minutes deliberation, the jury returned a verdict of $150,000. The trial court ordered a remittitur to $100,000 which the plaintiff accepted.
The appellee suffered severe dental injuries which undoubtedly caused her great physical pain and suffering. She was 18 years old and faces the prospect of continuous dental repair and adjustment which are certain to result in additional pain, discomfort and inconvenience. The attendant personal embarrassment and curtailment of her social life, past and future, are also supported by the evidence. As the Supreme Court stated in Bould v. Touchette, 349 So.2d 1181 (Fla. 1977):
[I]n tort cases damages are to be measured by the jury's discretion. The court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed. The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate. Lassitter v. International Union of Operating Engineers, 349 So.2d 622, (Fla. 1977) approving the reasoning in Gorsalitz v. Olin Mathieson Chemical Corp., 429 F.2d 1033 (5th Cir.1970). 349 So.2d at 1184-1185.
Although the verdict, as remitted, is on the high side, we do not find it to be so inordinately large as obviously to exceed the maximum limit of a reasonable range. Additionally, we find no record support for the *1128 contention that the jury was improperly influenced. The trial court did not abuse its discretion in denying the motion for new trial and granting a remittitur. See, Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1976).
Finally, appellant contends that the trial court erred in failing to allow a jury interview to determine whether the jury improperly based its verdict on matters outside the record. Appellant cites the short period of juror deliberation, the jovial attitude of the jurors, excessiveness of the initial verdict, a misstatement of one of the jurors in voir dire, and the purportedly inflammatory comments of one of the unselected veniremen as factors which improperly influenced the jury. We note that the last of these alleged improprieties was never raised before the trial court and that the "misstatement of one of the jurors on voir dire", though initially raised below in a motion for rehearing, was abandoned in the trial court upon the appellant's filing a notice of appeal prior to consideration of the motion. Scott-Whittaker Company v. Joyce Properties, Inc., 155 So.2d 661 (Fla. 3rd DCA 1963). Thus, in determining the propriety of the trial court's denial of the motion to interview the jury, we consider only the first three factors cited. Although Fla.R.Civ.P. 1.431(g) provides that jury interview shall be allowed under appropriate circumstances, the decision to allow a jury interview is within the discretion of the trial court. As stated in National Indemnity Company v. Andrews, 354 So.2d 454 (Fla. 2nd DCA 1978):
While we recognize the authority of the trial court to order jurors to be interviewed after their verdict is reached in a proper case we say that this does not appear to be such a case for the exercise of that authority. This is not a case wherein a miscarriage of justice will result if the jurors are not permitted to be interviewed or interrogated. The spirit and intent of the rule was to protect and prevent just such from taking place. The rule was not intended to authorize broad hunting expeditions or fishing excursions. The Supreme Court of the United States in considering the advisability of permitting a party to inquire into a jury's basis for reaching a verdict suggested that to permit the inquiry "would open the door to the most pernicious arts and tampering with jurors." "The practice would be replete with dangerous consequences." "It would lead to the grossest fraud and abuse" and "no verdict would be safe." McDonald v. Pless, 238 U.S. 264, 268, 35 S.Ct. 783, 784, 59 L.Ed. 1300 (1915). 354 So.2d at 456.
Based on a consideration of the first three factors mentioned above, we find that the trial court did not abuse its discretion in declining to allow a jury interview.
The judgment and order appealed from are affirmed.
LETTS, C.J., and HERSEY, J., concur.
NOTES
[1] The appellee voluntarily dismissed Knudson from the suit.