416 So.2d 1246 (1982)
Arthur J. FITZELL, Appellant/Cross-Appellee,
v.
RAMA INDUSTRIES, INC., Appellee/Cross-Appellant.
No. 81-150.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
*1247 Arthur C. Koski of Koski, Mateer, Gillespie & Allison, Boca Raton, for appellant/cross-appellee.
Jeff Brown and Joel H. Feldman of LaValle, Wochna, Rutherford, Truesdell & Brown, Boca Raton, for appellee/cross-appellant.
DELL, Judge.
Arthur J. Fitzell appeals a final judgment based upon a verdict returned after the trial court had discharged the jury.
The jury returned a verdict awarding compensatory and punitive damages to appellant while denying recovery to appellee Rama Industries on its counterclaim. The trial court discharged the jury following publication of the verdict and polling of the jurors. During an informal discussion with the jurors without the presence of counsel or a court reporter the trial judge concluded that a part of the verdict did not conform to the intent of the jurors. The trial court set aside the verdict on appellee's counterclaim and reconvened the jury, which subsequently returned a verdict for the appellee on its counterclaim. Following the entry of a final judgment appellee caused execution to issue on appellant's personal property.
Appellant contends that the jury did not have authority to enter a new and different verdict after it rendered its first verdict and then was discharged.
We recognize that from time to time a trial judge may conduct an informal conference with a jury after it has been discharged, with the hope of developing a better understanding of those factors which may influence a jury in its deliberations. However, such conferences may not be used to delve into the factual basis for the jury's decision or to furnish a basis for a new trial or to cause the jury to alter its verdict. When a judge conducts such a conference he is acting at his peril since he may learn of factors which influenced the jury's verdict and which may be material to post-trial motions. Under no circumstances may he use the information gleaned from such post-verdict conferences to change or alter the jury's verdict.
In Kirkland v. Robbins, 385 So.2d 694 (Fla. 5th DCA 1980), pet. for rev. denied, 397 So.2d 779 (Fla. 1981), the trial judge relied upon a post-trial interview with members of the jury when he considered a motion for remittitur or in the alternative, a new trial. The District Court held that
If a verdict is pronounced in the presence of all jurors which presumptively has satisfied the enlightened conscience of each of them, it is against public policy to inquiry [sic] into the motives and influences by which their deliberations were governed. Velsor v. Allstate Insurance Co., 329 So.2d 391 (Fla. 2d DCA 1976). Thus, inquiry is proper only in such cases involving matters extrinsic to the verdict such as arrival at the verdict by lot or quotient, improper contact with a juror or misconduct of a juror; investigation of the subjective decision-making process of the jury is not permissible. Id. at 393; Magid v. Mozo, 135 So.2d 772 (Fla. 1st DCA 1962). See also Ortega v. Perrini & Sons, Inc., 371 So.2d 203 (Fla. 2d DCA 1979).
Id. at 695-96.
A party may invoke the provisions of Rule 1.431(g), Florida Rules of Civil Procedure, *1248 and move for an order permitting an interview of a juror or jurors to determine whether a basis exists to challenge a jury's verdict. In the case sub judice, once the trial judge learned that the jurors may have misunderstood the effect of their verdict, he should have notified counsel and entertained a motion to interview jurors pursuant to Florida Rule of Civil Procedure 1.431(g). The Kirkland Court, supra, stated that
The trial judge was not authorized to conduct an informal interview of the jurors after their dismissal and especially to then use the results of this poll as a factual basis for his decision on the motion for remittitur. After the jury has returned its verdict and has been discharged and separated, it cannot be recalled to alter or amend its verdict since the jury members lose their separate identity as a jury and are subject to extra trial influences. United States Fidelity & Guaranty Co. v. Gulf Florida Development Corp., 365 So.2d 748 (Fla. 1st DCA 1978). Thus, for the same reasons, it would appear that a juror's recall of the jury deliberations would also be unreliable and should not be allowed to influence the judge in his determination of the correctness of the verdict.
Id. at 696.
Thus, we conclude that the trial court's actions in the case sub judice were improper and that he erred in reconstituting the jury and reconvening them sua sponte for further deliberations. Accordingly, we reverse and remand this cause for a new trial on all issues previously tried and for proceedings to return appellant's personal property seized under the writ of execution issued pursuant to the final judgment.
REVERSED and REMANDED.
GLICKSTEIN and HURLEY, JJ., concur.