473 So.2d 710 (1985)
DOVER Corporation, a Foreign Corporation, Appellant/Cross-Appellee,
v.
James M. Dean, Appellee/Cross-Appellant.
No. 83-2100.
District Court of Appeal of Florida, Fourth District.
April 3, 1985.
*711 Hayward D. Gay and Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellant/cross-appellee.
Kevin F. Richardson of Clyatt & Richardson, P.A., West Palm Beach, for appellee/cross-appellant.
DOWNEY, Judge.
Dover Corporation appeals from an order granting a new trial on all issues in a personal injury/products liability case.
Appellee, Dean, sued Dover in negligence, strict liability, and implied warranty for injuries he sustained while operating a Holmes 750 Power Wrecker. (Dover Corporation owns the Holmes Company.) The jury returned a verdict against Dean on the strict liability and implied warranty counts and in favor of Dean on the negligence count and determined Dean's damages to be $285,000. The jury further found that Dean was 93% negligent and Dover 7%.
Shortly after the trial, Dean filed a motion to interview jurors pursuant to Florida Rule of Civil Procedure 1.431(g), which attached an affidavit of the secretary for Dean's counsel stating in pertinent part:
2. On May 19, 1983, I received a telephone call from MRS. MILDRED WAKE. MRS. WAKE informed me that she was a juror in this matter.
3. I spoke to MRS. WAKE at the direction of KEVIN F. RICHARDSON, who told me that he did not feel it was proper for him to speak to MRS. WAKE. I also told MRS. WAKE that I would not be able to discuss this case in detail with her, also at MR. RICHARDSON'S direction.
4. MRS. WAKE indicated to me that she misunderstood the effect of the Verdict, and specifically the provisions concerning the findings on comparative negligence on the part of JAMES DEAN and the total amount of damages he would receive. She further indicated to me that her belief was shared by one of the other female jurors. She said that she did not realize this until after the Verdict had been read in open Court and she and the other jurors were leaving the Courthouse.
After a hearing thereon, over Dover's objection, the trial court granted the interviews and specified the parameters thereof. A further hearing after the interviews led to the trial court's granting Dean's motion for new trial on all issues. Dean cross appeals the order directing that all of the issues be retried. Our resolution of the main appeal moots the cross appeal.
The post-trial interview of jurors is provided for in Florida Rule of Civil Procedure 1.431(g) and Ethical Consideration 7-29, Disciplinary Rule 7.108(D). Before a lawyer may interview jurors after trial he must have reason to believe that grounds for challenging the jury exist and he must file a motion setting forth the grounds for challenge which the movant believes may exist. Notice and a hearing are thereafter required to determine the *712 merits of the motion. A review of the cases on the subject demonstrates that interviewing jurors after trial is no perfunctory exercise, but rather requires a showing of something more than conjecture and speculation by the movant as to what went wrong. Brassell v. Brethauer, 305 So.2d 217 (Fla. 4th DCA 1974); National Indem. Co. v. Andrews, 354 So.2d 454 (Fla. 2d DCA 1978); Kasper Instruments, Inc. v. Maurice, 394 So.2d 1125 (Fla. 4th DCA 1981); Ortega v. Perrini & Sons, Inc., 371 So.2d 203 (Fla. 2d DCA 1979). As we said in Brassell, "Absent the requirement of a factual allegation in the notice the subjective conclusion of the loser in every trial would warrant a jury interview." 305 So.2d at 219. Furthermore, not every factual allegation will suffice. It has always been the case that a jury verdict cannot be attacked for reasons that inhere in the verdict; it is only vulnerable to charges that are extrinsic to the verdict. Marks v. State Road Department, 69 So.2d 771 (Fla. 1954); Kirkland v. Robbins, 385 So.2d 694 (Fla. 5th DCA 1980). Therefore, a motion that sets forth facts which do not constitute good grounds for setting aside a verdict should be denied. Examples of matters that inhere in the verdict are set forth in Marks, supra, wherein the court repeated the following words of the Supreme Court of Iowa:
that he [a juror] misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast.
69 So.2d at 774-775.
Thus, a motion alleging a juror thought her verdict would bring about a different result or that she miscalculated the damage, or did not understand the judge's instruction on certain matters alleges matters inhering in the verdict. They are not adequate grounds for granting a jury interview. Adverting to the affidavit attached to the motion in question, it says:
MRS. WAKE indicated to me that she misunderstood the effect of the Verdict, and specifically the provisions concerning the findings on comparative negligence on the part of JAMES DEAN and the total amount of damages he would receive.
We have seriously considered all of Dean's arguments in support of his interview motion and find them without legal support. The cases he relies on for the most part discuss factual settings that support interviews such as quotient verdict cases. While Dean contends the interview here showed a quotient verdict, which we do not concede, his argument is simply that the end justifies the means. We reject that argument. Lucking up on a good ground during the interview does not justify an interview without adequate grounds. Furthermore, Dean misreads our case of Fitzell v. Rama Industries, Inc., 416 So.2d 1246 (Fla. 4th DCA 1982). That case stands for the proposition stated therein that a trial judge should not grant a new trial based upon information gleaned from a post-verdict conference he has with jurors. He should notify counsel and advise them of the information and entertain a motion to interview. Whether that motion will adequately state grounds to interview jurors depends upon the nature of the grounds. Fitzell should not be taken to mean that matters that inhere in the verdict will support an interview. Such a statement would conflict with the holding in Kirkland v. Robbins, 385 So.2d at 694, which is quoted in the Fitzell opinion.
We have considered Dover's second point pertaining to the jury instruction on the inherently dangerous instrumentality and find no error demonstrated.
Accordingly, the order appealed from granting a new trial is reversed and the cause is remanded with instructions to reinstate the verdict and enter judgment thereon.
REVERSED AND REMANDED, with directions.
*713 LETTS, J., concurs.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting.
I respectfully disagree with the majority's approach which seems to apply the fruit-of-the-poisonous-tree doctrine to a pleading deficiency. Irrespective of the inadequacy of the allegations in the motion to interview jurors, I believe the trial court was justified in considering the results of the juror interviews. Moreover, I am not prepared to find an abuse of discretion in the trial court's decision to grant a new trial. See Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980).