HURLEY, J.,
dissenting.
This appeal can be evaluated most easily by contrasting the following two questions: (1) “What considerations influenced your verdict?” (2) “What was your verdict?” The first question cannot be put to a juror in a post-verdict inquiry because “it is against public policy to inquire into the motives and influences by which [the jury’s] deliberations were governed.” Velsor v. Allstate Insurance Co., 329 So.2d 391, 393 (Fla. 2d DCA), cert. dismissed, 336 So.2d 1179 (Fla.1976). On the other hand, the second question merely seeks clarification of an objective fact and, therefore, it is wholly permissible. Indeed, due process demands that a jury’s verdict be clear and unambiguous. See, e.g., Springer v. Arthur of Cedarhurst, Inc., 424 So.2d 175-(Fla. 3d DCA 1983).
The cases cited by the majority as supporting an affirmance address the prohibited nature of the first question posed above. I do not disagree with the rule of law established by those cases. My disagreement, rather, stems from the characterization which has been ascribed to the inquiry in this case. The plaintiff simply sought to clarify the jury’s verdict — to ascertain what the award was, and not to determine the factors and reasoning process which led to the award. Thus, the scrutiny sought by the plaintiff is of an extrinsic variety, somewhat analogous to the investigation a court must undertake where it appears the jury has rendered a quotient verdict. See e.g., Magid v. Mozo, 135 So.2d 772 (Fla. 1st DCA 1961). Furthermore, the plaintiff supported its request by presenting compelling proof that there existed substantial doubt as to the true verdict. Under these circumstances, I believe that the trial court abused its discretion by denying the design firm’s post-trial motion to interview the jury.[1]
*714 This case arose out of a dispute between an interior design firm and one of its clients. When the client refused to pay certain invoices, the design firm instituted suit. The client, in turn, filed a counterclaim. Prior to trial, the parties stipulated that the design firm’s unpaid invoices to-talled $61,436.64. The client produced evidence at trial that it had sustained $24,-796.32 in damages. At the conclusion of its deliberations, the jury returned two separate verdict forms which are relevant to this appeal. On the form for the main claim, the jury found for the interior design firm in the sum of $36,640.32. Next, on the verdict form for the counterclaim, the jury found for the client in the sum of $24,796.32.
As soon as the verdicts were announced, plaintiff’s counsel approached the bench and asked the court to seek a clarification from the jury. Counsel apparently realized that $24,796.32 (the sum awarded to the client), subtracted from $61,436.64 (the stipulated total of the unpaid invoices), equaled $36,640.32 (the sum awarded to the design firm). The figures — precise to the penny — suggested that the jury had deducted the client’s damages from the total amount due to the design firm. Thus, despite the existence of a second verdict form awarding $24,796.32 to the client, it was reasonable to infer that the jury did not intend for the trial court to deduct the client’s award from the design firm’s award. Put more simply, plaintiff’s counsel wanted the court to ask the jury how much money they intended to award the design firm ... $36,640.32 (the amount specified in the verdict) or $11,844 ($36,640.32 minus $24,796.32). Defense counsel objected to the request for clarification and the court sustained the objection. The court, however, granted the plaintiff’s request to poll the jury. Accordingly, each juror was asked the question, “Are these your verdicts?” and each juror responded, “Yes.”
Shortly after trial, the plaintiff design firm filed a motion to interview the jury pursuant to rule 1.431(g), Fla.R.Civ.P. The court conducted a hearing and received into evidence a piece of paper which had been found in the jury room after trial. The paper contained an itemized list of the client’s damages. Each item had been assigned a monetary value which totalled $24,796.32 (the exact sum awarded to the client). Also, the paper contained the following computations:

*715

The trial court denied the motion to interview the jury and a subsequent motion for new trial. Thereafter, the court entered a final judgment for the design firm in the sum of $9,797.26. This figure was reached by deducting the client’s award, plus interest, from the design firm’s award.
Rule 1.431(g), Fla.R.Civ.P., authorizes a trial court to permit a party to interview a juror when there is a reasonable basis to believe that grounds exist for a legal challenge to the verdict. The decision to permit or deny the interview is entrusted to the sound discretion of the trial court. Odom v. State, 403 So.2d 936 (Fla.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); Kasper Instruments, Inc. v. Maurice, 394 So.2d 1125 (Fla. 4th DCA 1981). A court should exercise its discretion and permit a party to interview a juror where “a miscarriage of justice will result if the jurors are not permitted to be interviewed or interrogated.” National Indemnity Co. v. Andrews, 354 So.2d 454, 456 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla.1978).
A miscarriage of justice occurs when a trial court improperly reduces a jury’s award because of an error in communication. The evidence strongly indicates this happened here. The plaintiff, however, did not have to prove this point conclusively; it merely had to establish a “reasonable basis” to believe that the jury did not intend for the trial court to subtract one verdict from the other. See Rule 1.431(g), Fla.R. Civ.P. The figures — which match to the penny — plus the paper containing the jury’s *716 calculations more than satisfy the rule’s evidentiary requirement. Therefore, I would hold that the trial court abused its discretion[2] in denying the plaintiff’s motion to interview the jury.
Accordingly, I would reverse and remand for a new trial.

. See Rule 1.431(g), Fla.R.Civ.P.

. ‘‘[D]iscretion is abused only where no reasonable man would take the view adopted by the trial court.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (quoting Delno v. Market Street Railway, 124 F.2d 965, 967 (9th Cir.1942)).