ON PETITION FOR WRIT OF CERTIORARI
COWART, Judge.
Petitioners seek certiorari review of an order scheduling a post-trial interview of jurors. Respondents’ motion to permit interview of jurors is not supported by affidavit, and the allegations are speculative, conclusory, or concern matters that inhere in the verdict itself. See Marks v. State Road Dept., 69 So.2d 771 (Fla.1954); Clark v. Merritt, 480 So.2d 649 (Fla. 5th DCA 1985), rev. den. 488 So.2d 831 (Fla. 1986); Kirkland v. Robbins, 385 So.2d 694 (Fla. 5th DCA 1980), rev. den. 397 So.2d 779 (Fla.1981); National Indemnity Co. v. Andrews, 354 So.2d 454 (Fla. 2d DCA 1978), cert. den. 359 So.2d 1210 (Fla.1978); Brassell v. Brethauer, 305 So.2d 217 (Fla. 4th DCA 1974). Unless there are sufficient allegations of juror misconduct relating to matters which are extrinsic to the verdict, inquiry into the deliberations of a jury is prohibited. This long-standing rule protects jurors who have performed their duty in a lawful manner from harassment, and protects the verdict itself from unfounded challenges which only hamper the efficient administration of justice. As respondents’ motion to permit interview of jurors was legally insufficient, the trial court departed from the essential requirements of law in scheduling the interview. Therefore, we grant the petition, issue the writ, and quash the order scheduling a post-trial interview of jurors.
WRIT ISSUED; ORDER QUASHED.
DAUKSCH and COBB, JJ., concur.