540 So.2d 911 (1989)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
George REJRAT and Sofia Rejrat, His Spouse, Respondents.
No. 88-3509.
District Court of Appeal of Florida, Second District.
March 29, 1989.
Thomas C. Saunders, John O. Strauss, and David H. McClain of McClain & Associates, P.A., Tampa, for petitioner.
Michael J. Keane of Baynard, Harrell, Mascara & Ostow, P.A., St. Petersburg, and Wil Florin of Carey & Florin, Clearwater, for respondents.
ALTENBERND, Judge.
The Department of Transportation petitions this court for the issuance of a writ of certiorari to quash the trial court's order authorizing an interview of the jurors pursuant to Florida Rule of Civil Procedure 1.431(g). Because the grounds presented by the plaintiffs to the lower court concern matters which inhere within the jury's verdict, we grant the petition.
The plaintiffs sued the Department of Transportation for personal injuries sustained on June 13, 1987, by Mr. Rejrat. The case was tried on issues of negligence, comparative negligence, and compensatory damages. The jury returned a verdict which found the Department of Transportation liable, but also found that Mr. Rejrat was 80% comparatively negligent. The jury awarded itemized damages to the *912 plaintiffs. Mr. Rejrat received a total award of $210,000. His wife received $15,000 for loss of consortium.
Unlike the Florida Standard Jury Instructions, the jury instructions utilized in this case did not expressly inform the jury that the trial court would reduce the plaintiffs' award by the percentage of comparative negligence. See Fla.Std.Jury Instr. 6.1(c). The verdict form omitted the standard language informing the jury that the court in entering judgment would reduce the plaintiffs' total damages by the percentage of negligence found by the jury. See Model Charge No. 1, Fla.Std.Jury Instr. Despite the ambiguity in the instructions and verdict form, it seems clear that the parties and the trial court, at the time of the jury's deliberations, did intend to follow the standard procedures under which the court would reduce the jury's award by the percentage of comparative negligence. The plaintiffs prepared the verdict form and did not argue that the jury instructions were inadequate prior to the jury's verdict. When the verdict was returned, the jury was polled and discharged without any suggestion from the parties or the trial court that the jury had utilized a nonstandard procedure.
After the jury was discharged, a jury selection consultant retained by the plaintiffs spoke to a juror with the permission of the trial court.[1] The juror indicated that the monetary awards had already been reduced by the jury to allow for the plaintiffs' comparative negligence. While no affidavit from a newspaper reporter is contained within the record, the plaintiffs' post-trial motion attached an article from the St. Petersburg Times indicating that two jurors did not realize their damage award would be reduced by their finding of comparative negligence.
Three days after the jury's verdict, the plaintiffs filed a "motion for entry of judgment in accordance with jury's intention." The plaintiffs argued that the jury had actually intended a total verdict of approximately $1,000,000, and that the awards to the two plaintiffs totaling $225,000 were net awards. They based this motion upon the interview by their jury selection consultant and upon the fact that plaintiffs' counsel had suggested an award in the amount of $1,000,000 during closing argument.
The trial court treated the plaintiffs' motion as a motion to interview jurors. The motion was granted to the extent that the trial court sent a written interrogatory to each juror asking the juror whether the verdict was intended to represent the total award before reduction of comparative negligence, or whether it represented the net award after comparative negligence. The lower court has not opened any of the responses it received from the jurors pending the outcome of this original proceeding.
A trial court does have broad discretion to grant or deny a motion to interview jurors. Preast v. Amica Mutual Ins. Co., 483 So.2d 83 (Fla. 2d DCA), review denied, 492 So.2d 1334 (Fla. 1986); Schofield v. Carnival Cruise Lines, Inc., 461 So.2d 152 (Fla. 3d DCA 1984), review denied, 472 So.2d 1182 (Fla. 1985). In order to invoke that discretion, however, a party must establish adequate grounds for a legal challenge to the verdict. Nat'l Indemnity Co. v. Andrews, 354 So.2d 454 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla. 1978). Trial courts should recognize that:
Post-trial juror interviews should be rarely granted and the sanctity of the jury process as well as the privacy rights of the jurors themselves should be closely guarded and protected.
Schmitz v. S.A.B.T.C. Townhouse Ass'n, Inc., 537 So.2d 130 (Fla. 5th DCA 1988). *913 To establish grounds authorizing the interview of a jury, a party must provide evidence that the jury's verdict was infected by matters extrinsic to the verdict. Matters which are intrinsic to the verdict are not grounds which authorize a jury interview. Marks v. State Road Dep't, 69 So.2d 771 (Fla. 1954).
While the distinction between intrinsic and extrinsic matters may be difficult in some cases, the grounds raised by the plaintiffs in this case are clearly intrinsic. The plaintiffs simply argue that the jury was confused by inadequate jury instructions and by an inadequate verdict form. Evidence that a jury misunderstood the jury instructions is merely evidence of a matter intrinsic to the verdict. Marks. This is not a case in which the evidence indicates that the jury rendered their verdict by lot, nor it is a case in which the jury deliberately and knowingly disregarded the jury instructions. See Preast. This case is similar to other cases in which appellate courts have precluded interviews of juries based upon evidence that the jury misunderstood the ramifications of comparative negligence. Cummings v. Sine, 404 So.2d 147 (Fla. 2d DCA 1981); Dover Corp. v. Dean, 473 So.2d 710 (Fla. 4th DCA), review denied, 475 So.2d 693 (Fla. 1985).
Arguably, the trial court in this case has not granted a jury interview to "challenge" a verdict as that word is used in Florida Rule of Civil Procedure 1.431(g). It is possible that the trial court is not receiving evidence from the jury to "impeach" or "avoid" the verdict. Marks, 69 So.2d at 774. Instead, the trial court merely wishes to obtain the jury's explanation of a verdict form which is not self-explanatory. We do not believe this distinction should make a difference.
While the trial court's approach has pragmatic appeal, we are unwilling to authorize this intrusion into the jury's reasoning process. There are strong public policies supporting the secrecy and sanctity of the jury's verdict. The jurors' right of privacy should not be lightly disregarded. Once a jury has been discharged, the reliability of their explanations may be questioned. Kirkland v. Robbins, 385 So.2d 694 (Fla. 5th DCA 1980), review denied, 397 So.2d 779 (Fla. 1981); Fitzell v. Rama Industries, Inc., 416 So.2d 1246 (Fla. 4th DCA 1982). It seems a better rule to require the litigants and the trial court to give careful consideration to the adequacy of the jury instructions and verdict form prior to the jury's deliberation, rather than to allow post-trial jury interviews to explain the law which the jury adopted in the absence of adequate jury instructions.
By granting this petition, we are not foreclosing the trial court's authority to grant a new trial or other appropriate post-trial relief. Under appropriate circumstances, inadequate instructions may authorize a new trial. City of Clearwater v. McClury, 157 So.2d 545 (Fla. 2d DCA 1963); but see Schaffer v. Pulido, 492 So.2d 1157 (Fla. 3d DCA 1986) (party who submitted jury instruction and verdict form could not request new trial on invited error). The possibility of an addittur also exists in this case. § 768.74, Fla. Stat. (1987). In ruling upon any such post-trial motions, the trial court is required to base its decisions upon that court's experience, wisdom, and observations of the trial proceedings. The trial court cannot rely upon jurors' evidence of matters intrinsic to the jury's verdict.
The petition for writ of certiorari is granted, and the order authorizing interrogatories to the jury is quashed. The responses which the trial court has received from the jury shall remain sealed.
SCHEB, A.C.J., and RYDER, J., concur.
NOTES
[1] There is no evidence in the record to suggest that plaintiffs' counsel authorized or encouraged this communication. An attorney cannot initiate communications or cause another to initiate communications with a juror unless he complies with the applicable rules. Fla.Bar Code Prof.Conduct, Rule 4-3.5(d); Fla.R.Civ.P. 1.431(g). In this modern age of jury selection consultants, parties are apparently able to retain independent contractors who can conduct investigations which their attorneys could not ethically conduct. We believe that trial courts have the authority to regulate interviews of jurors by a party, a party's attorney, or any expert or investigator retained to assist the party.