PER CURIAM.
This is an appeal by the defendant Doral Country Club, Inc. from a final judgment entered upon an adverse jury verdict in a personal injury negligence action arising out of an accident which occurred while the plaintiff William Junior Duncan, as a guest of the defendant hotel, was using a weightlifting machine in the defendant’s guest exercise room. We affirm.
First, no abuse of discretion has been shown in the trial court’s denial of the defendant’s post-trial motion for a jury interview. Contrary to the defendant’s argument, there is no indication whatever that the juror Patricia Brown did not follow the trial judge’s instruction not to share with the jury Ms. Brown’s personal knowledge, as a registered nurse, concerning glaucoma; Ms. Brown had previously sent a written note to the trial judge during jury deliberations asking whether she could reveal such information. The mere fact that the defendant lost the case is not, as urged, some indication that Ms. Brown did not follow the trial judge’s response to the subject note so as to trigger a post-trial jury interview. To the contrary, we must presume that Ms. Brown, who was conscientious enough to seek guidance on this point from the trial judge, was true to her oath and complied with the trial judge’s instructions. See Orange County v. Fuller, 502 So.2d 1364 (Fla. 5th DCA 1987); National Indem. Co. v. Andrews, 354 So.2d 454 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla.1978).
Second, the trial court did not err in denying the defendant’s motion for a mistrial after a defense expert witness on vocational rehabilitation testified on cross examination by the plaintiff that she was employed by a company which was wholly owned by “an insurance adjusting company.” Contrary to the defendant’s argument, this testimony did not establish that *195 the defendant had insurance coverage for the accident involved in this case; nor is there any other evidence adduced which, together with this testimony, established that the defendant had insurance coverage. This being so, the defendant was clearly not entitled to a mistrial as it was in no way prejudiced by the complained-of testimony. In any event, the trial court instructed the jury to disregard the evidence and thus cured whatever error may have occurred in originally receiving such testimony. See Sayad v. Alley, 508 So.2d 485 (Fla. 3d DCA), rev. denied, 518 So.2d 1278 (Fla.1987); Seminole Shell Co. v. Clearwater Flying Co., 156 So.2d 543 (Fla. 2d DCA 1963).
Finally, we find no merit in the remaining two points on appeal. There is no showing that the trial court abused its discretion in denying the defendant’s motion for a second physical examination of the defendant. See Motor Union Orion Ins. Co. v. Levenson, 153 So.2d 852 (Fla. 3d DCA 1963); Fla.R.Civ.P. 1.360. Nor was the defendant denied a fair trial by the “cumulative effect” of the above-claimed errors because no such errors were ever shown. See Johnson v. Canteen Corp., 528 So.2d 1364, 1366 (Fla. 3d DCA 1988).
The final judgment under review is therefore, in all respects,
Affirmed.