832 So.2d 891 (2002)
MELROSE NURSERY, INC., Appellant,
v.
COLLINSWORTH, ALTER, NIELSON, FOWLER & DOWLING, INC., a Florida corporation, Appellee.
No. 3D02-142.
District Court of Appeal of Florida, Third District.
December 18, 2002.
*892 Silverio & Hall and Mark V. Silverio, Brian M. Silverio, Naples, and Francis X. Sexton, Jr., for appellant.
Bernstein & Chackman and Neil Rose and Steven J. Chackman (Hollywood), for appellee.
Before COPE, LEVY, and FLETCHER, JJ.
LEVY, Judge.
Appellant, Melrose Nursery, Inc., appeals from the denial of its Motion to Interview the Jury. Finding that the juror in question violated the trial court's instructions, we reverse and remand for a jury interview.
Melrose brought suit against appellee, Collinsworth, Alter, Nielson, Fowler & Dowling, Inc., its insurance agent, for negligence in the handling of buy-up crop insurance which became available after Hurricane Irene. Collinsworth, in turn, filed a third party Complaint for contribution against Rain & Hail, an insurance agency involved in the placement and servicing of crop insurance programs to nursery businesses, and Ace Property and Casualty Insurance Company, alleging that if Collinsworth was liable to Melrose, then Collinsworth would be entitled to a judgment against Rain & Hail and Ace based upon their own negligence. After a jury trial, a verdict was returned finding no negligence on the part of Collinsworth. Subsequently, Melrose filed, in addition to other Motions, its Motion to Interview the Jurors. The affidavit of Nancy Atkins, the court reporter, was filed in support of the Motion. Collinsworth opposed the Motion. After a hearing, the trial court denied Melrose's Motion and entered Final Judgment. Melrose timely filed this appeal.
We recognize that trial courts have broad discretion to grant or deny a party's Motion to Interview jurors. See Department of Transportation v. Rejrat, 540 So.2d 911, 912 (Fla. 2d DCA 1989); Schofield v. Carnival Cruise Lines, Inc., 461 So.2d 152, 155 (Fla. 3d DCA 1984). To invoke that discretion, the moving party must present sworn allegations that the jury's verdict was infected by matters outside the evidence. See Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991)(explaining that "the moving party [must] ma[k]e sworn factual allegations that, if true, would require a trial court to order a new trial"). See also Rejrat, 540 So.2d at 912. Thus, where the inquiry seeks to elicit objective, rather than subjective, information about overt prejudicial acts, the inquiry is appropriate. However, where the inquiry seeks to elicit information regarding the jury's reasons and *893 thoughts in reaching its verdict, the inquiry is impermissible. See Baptist Hospital, 579 So.2d at 99; see also Rejrat, 540 So.2d at 912-13.
In the instant case, Melrose submitted the sworn affidavit of the court reporter who, on her way home after the verdict was rendered in the case, learned from one of the jurors that he had logged on to the website of third-party defendant, Rain & Hail. Thus, the basis for the jury interview in the instant matter is clearly objective.
Although we acknowledge, as Collinsworth urges, that the information contained in the website was part of the evidence, the website itself was not before the jury. In remanding for a jury interview, we emphasize that the sacrosanct nature of jury deliberations and its process should not be thwarted by outside influences. Where, as in the instant case, it is undisputed that the juror disregarded the trial court's specific instructions not to consider any evidence or information outside what was presented at trial, a jury interview is necessary. Without inquiry of the jury, it is unclear what information the juror obtained and became privy to and, perhaps, more importantly, what of that information, if any, did he bring to deliberations. Accordingly, we reverse the denial of Melrose's Motion for Jury Interview and remand with directions to interview the jury under conditions and circumstances the trial court feels are appropriate, and for such other relief the court finds are warranted.
Reversed and remanded with directions.