231 So.2d 225 (1969)
Russell L. LANDRY, Appellant,
v.
STERLING APARTMENTS, INC., an Illinois Corporation, Appellee.
No. 2154.
District Court of Appeal of Florida. Fourth District.
December 31, 1969.
Rehearing Denied March 5, 1970.
*226 Wallis E. Schulle, of Fisher, Prior, Pruitt & Schulle, and Warwick, Paul & Herring, West Palm Beach, for appellant.
John R. Beranek, of Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
REED, Judge.
The plaintiff, appellant here, Russell L. Landry, filed a complaint in the Circuit Court for Palm Beach County, Florida, alleging that he was injured as a result of a fall on or about 19 September 1965 on defendant's business premises known as the Bazaar International Shopping Center in Riviera Beach, Florida. The defendant, Sterling Apartments, Inc., the appellee here, by its answer denied all averments of negligence and alleged contributory negligence. The cause was tried before a jury on 29 January 1968. At the conclusion of the evidence the defendant moved for a directed verdict. Ruling was reserved, and the cause submitted to the jury which returned a plaintiff's verdict for $16,000.00. Under Rule 1.480(b), RCP, 30 F.S.A., the defendant made a motion for a new trial and a motion to set aside the jury verdict and for a judgment in accordance with the earlier motion for directed verdict. The trial court granted the post-trial motion for judgment in accordance with the motion for directed verdict and entered a final judgment in favor of the defendant from which this appeal was taken.
The issue here is whether or not the trial court erred in granting the defendant's post-trial motion for judgment.
The plaintiff testified that on the day of the accident he accompanied his wife and his two minor children to the Bazaar International. He stated that he and his group went up an observation tower on the premises. After coming down the *227 plaintiff went into a small room at the base of the tower to get some balloons for his children. As he proceeded out of the covered area at the base of the tower, a pepsi-cola cup which was evidently thrown from the top of the tower landed in front of him. Thereupon the plaintiff grabbed his two and one-half year old son who had gotten ahead of the plaintiff because he thought the boy might be hit. As he reached for the child, the plaintiff's feet went from under him. He slipped and fell. The plaintiff did not see what caused him to slip, but indicated that he slipped on a foreign object. The boy had not gotten far in front of the plaintiff when plaintiff grabbed for him  perhaps two or three steps. Prior to the accident plaintiff had noticed in the shopping area pepsi-cola cups, crushed ice, liquid, and broken balloons.
A post-trial motion for a judgment in accordance with a motion for a directed verdict made under Rule 1.480(b) should be granted only where no evidence is presented on which the jury could lawfully have returned its verdict. The rules governing such a motion are the same as those governing a motion for a directed verdict at the close of the evidence. Cf. Morgan v. Collier County Motors, Inc., Fla.App. 1966, 193 So.2d 35; Hendricks v. Dailey, Fla. 1968, 208 So.2d 101, 103. The trial court must resolve all conflicts in the evidence in favor of the party moved against. All inferences from the evidence favorable to the party moved against should be accepted, Kaufman v. Sweet et al. Corporation, Fla.App. 1962, 144 So.2d 515, 517 (cert. disch., Fla. 1963, 156 So.2d 846), and the factual basis for granting the motion must be established as a manner of law.
The basis of the trial court's ruling was a finding that the plaintiff was contributorily negligent as a manner of law. The propriety of this conclusion is the narrow issue here.
As stated in Stueber v. Maintenance, Inc., Fla.App. 1967, 205 So.2d 305, where a person is injured by a collision with a condition of which he had actual knowledge sufficiently in advance to enable him to avoid the condition, he is guilty of negligence as a matter of law. Where the plaintiff did not have such actual knowledge, the question of his negligence is normally for the jury, and the visibility of the object which he encountered is an important circumstance, but only one circumstance which may be considered. Maas Brothers, Inc. v. Bishop, Fla.App. 1967, 204 So.2d 16.
The evidence in the present case indicates that the plaintiff knew of debris in the general area where the accident occurred, but when taken most favorably to the plaintiff, the evidence does not compel the conclusion that the plaintiff knew before his fall of the location and existence of the specific item which caused the fall. Under this state of the evidence and given the plaintiff's supposed need for haste in protecting his son, the issue of contributory negligence was for the jury.
There is a suggestion in the order granting the defendant's motion for judgment that the plaintiff was negligent in allowing his child to get away from him. The child was only a few steps ahead of the father and in an area designed for pedestrian use. To say that the father in allowing his child to move a few steps ahead of him under these circumstances was negligent as a matter of law is not in our opinion justified by the evidence when it is viewed most favorably to the plaintiff.
The judgment appealed from is reversed and the cause is remanded with instructions to enter a judgment for the plaintiff on the jury verdict.
Reversed and remanded.
CROSS, C.J., and McCAIN, J., concur.