REED, Chief Judge.
The plaintiff, Lawrence F. Hamilton, brought suit against the defendant Dorothy E. Knight and others in the Circuit Court for Broward County, Florida, for injuries arising out of a motor vehicle accident on 23 October 1968 at the intersection of Poinsettia Street and Atlantic Boulevard in Fort Lauderdale, Florida. After a jury verdict for the plaintiff, the defendant Knight filed a motion pursuant to Rule 1.-480(b), FRCP, 30 F.S.A., for a judgment in accordance with a prior motion for directed verdict. The motion was granted and a judgment was entered for the defendants.
The issue on appeal is whether the trial court erred in setting aside the jury verdict and granting the defendant’s post-trial motion for judgment. The rules governing the treatment of such a motion are set out in Landry v. Sterling Apartments, Inc., Fla.App.1969, 231 So.2d 225 (cert. den. Fla.1970, 238 So.2d 107), and need not be reiterated here.
*890 The evidence indicated that Atlantic Boulevard, a north-south thoroughfare in the City of Fort Lauderdale, had two lanes for southbound traffic. For convenience they may be referred to as the curb lane and the left-hand lane. The plaintiff testified that he was driving a motorcycle south on Atlantic Boulevard along the left edge of the curb lane. The defendant Mrs. Knight entered Atlantic Boulevard from the west about one block north of the intersection with Poinsettia. When Mrs. Knight entered Atlantic Boulevard, the plaintiff was approximately ISO feet north of her and traveling south at 25 miles per hour. According to Mrs. Knight’s testimony she first entered the curb lane and shortly thereafter switched to the left lane as she approached the Poinsettia intersection. Mr. Hamilton testified that as he approached the Poinsettia intersection he slowed slightly and maintained his position in the curb lane even though, north of the intersection, there were several signs in his lane indicating men working. There were also palm fronds in the curb lane which the working men had removed from adjacent palm trees. These signs occupied all except approximately the east four feet of the curb lane, but that segment of the lane was unobstructed by either signs or palm fronds. The plaintiff’s motorcycle was 18 to 24 inches wide. According to the plaintiff’s testimony he came parallel with defendant’s automobile when he was IS to 20 feet north of the north line of the intersection. At this point the defendant was in the middle of the left lane and had not theretofore given any indication of an intention to turn west on Poinsettia. As the vehicles entered the intersection, the defendant turned west, and the collision occurred almost immediately between the motorcycle and the front of the defendant’s right fender.
The trial judge found on these facts that the defendant was as a matter of law free of negligence and the plaintiff was likewise guilty of negligence. Respectfully we disagree with the trial judge’s conclusion. In our opinion when the evidence is viewed most favorably to the plaintiff, it would have permitted an inference that the defendant actually knew or reasonably should have known of the plaintiff’s presence to her right and was negligent in failing to take precautions with respect to his safety before starting her turn to the west. Likewise, we think the jury could have inferred that the plaintiff was not negligent in using the partial lane available to him rather than changing lanes and falling in behind the defendant. For these reasons, the judgment appealed from is reversed and the cause is remanded with instructions to enter a judgment for the plaintiff on the jury verdict.
Reversed and remanded.
OWEN, J., and SACK, MARTIN, Associate Judge, concur.