267 So.2d 697 (1972)
FIRST NATIONAL BANK OF STUART, As Executor of the Estate of Lena Roth a/K/a Lena Goldstein, Appellant,
v.
Arthur James JACKSON, Appellee.
No. 71-854.
District Court of Appeal of Florida, Fourth District.
October 18, 1972.
*698 George W. Sommer, Stuart, for appellant.
C.N. Tilton, of Scott & Tilton, Jensen Beach, for appellee.
REED, Chief Judge.
This is an appeal by the defendant below from a final judgment in an action for damages arising out of an allegedly fraudulent misrepresentation. The plaintiff, Arthur James Jackson, filed his complaint on 19 December 1969 in the Circuit Court for Martin County, Florida. The complaint alleged that the defendant, Lena Roth, also known as Lena Goldstein, on or about the 5th day of March 1963 stated to the plaintiff that certain lots in a platted subdivision in Martin County were high and dry. These representations allegedly induced the plaintiff to enter into a contract for the purchase of the lots. A copy of the contract was attached to the complaint.
The defendant's answer denied the allegations of the complaint. On 10 July 1970, because of Lena Roth's death, the trial court entered an order substituting her personal representative, First National Bank of Stuart, as a party defendant.
The cause was tried before a jury on 19 May 1971. At the close of all the evidence, the defendant moved for a directed verdict. This motion was denied. The jury returned a verdict for the plaintiff in the amount of $2,800.00. The defendant filed a timely motion for a judgment in accordance with the prior motion for directed verdict. It was denied and final judgment was entered on the verdict.
The evidence indicates that the plaintiff entered into an agreement for deed under which, upon the payment of $2,800.00, he was to receive a deed to five lots in a platted subdivision in Martin County, Florida. The vendors shown on the contract are Rhoda Roth and Murray Roth, neither of whom are parties to this action. The defendant, Lena Roth, was evidently the real estate broker involved in the transaction. The plaintiff paid on the contract $80.00 down and twenty-seven monthly payments of $40.00 each and one partial payment of $10.39. On 18 June 1966 the plaintiff discovered that the land was low and wet when he went to the property with a surveyor.
There were only four witnesses who testified on the plaintiff's case. The first was the plaintiff himself. He was precluded from testifying as to any statements made to him by Mrs. Roth by the Dead Man Statute. The second witness was Elton A. Schwarz. He is an attorney who attempted to assist Mr. Jackson (the plaintiff) after the contract was entered into and after Mr. Jackson became dissatisfied with the transaction. Mr. Schwarz made certain comments of significance which will be discussed infra. The next witness was Lance Lee Fisher, a surveyor who in 1966 was requested by the plaintiff to survey the lots in question. The last witness for the plaintiff was Martha Walsh, the head bookkeeper with the First National Bank of Stuart. Through her was introduced in evidence a statement of the payments made by the plaintiff on the contract. No testimony was presented by the defendant.
Appellant contends that the trial court erred in not granting the post-trial motion for judgment in accordance with the motion for directed verdict. This type of motion made under Rule 1.480(b), RCP, 30 F.S.A., should be granted only where no evidence was presented on which the jury *699 could lawfully have returned its verdict. The rules governing such a motion are the same as those governing a motion for a directed verdict at the close of the evidence. See Landry v. Sterling Apartments, Inc., Fla.App. 1969, 231 So.2d 225, 227 (cert. den. Fla. 1970, 238 So.2d 107).
For a misrepresentation to support an action for damages, it must be a misrepresentation of a material fact. Finney v. Frost, Fla.App. 1969, 228 So.2d 617. The person charged with the misrepresentation must be shown to have had knowledge of the falsity of the statement at the time it was made or the evidence must show the equivalent of such knowledge which is that the statement was made without knowledge as to its truth or falsity or was made under circumstances in which the truth should have been known to the person making the statement. Nantell v. Lim-Wick Construction Company, Fla.App. 1969, 228 So.2d 634, 637, and Joiner v. McCullers, 1947, 158 Fla. 562, 28 So.2d 823.
As to whether or not a representation was made by Lena Roth, it should be recalled that the plaintiff gave no testimony whatsoever that Mrs. Roth said anything to him at or before the time he executed the contract. The plaintiff's attorney's remarks in response to the motion for directed verdict provide us with his thoughts on the subject. He evidently relied on the testimony of Attorney Schwarz. We have read the same. It does not provide any evidence that Lena Roth made any representations to plaintiff concerning the lots in question at or prior to the time the lots were purchased. The complaint charges Lena Roth with having made the misrepresentations on 5 March 1963  the same date the plaintiff signed the contract. Mr. Schwarz testified that the defendant came into his office some time in 1965 after he had written her a letter dated 8 April 1965. In the course of this meeting, according to Mr. Schwarz, Mrs. Roth said that the lots she had sold or was substituting were high and dry and suitable for development. This testimony is simply not evidence of a representation by Mrs. Roth on 5 March 1963 relating to the land described in the contract between plaintiff Jackson and Rhoda Roth and her husband, the vendors.
Thus, the plaintiff's proof was deficient in two respects. First, there was no evidence that the defendant's decedent, Lena Roth, made any representations  true or false  to the plaintiff prior to his signing the contract in question; therefore, there was no evidence of a misrepresentation of a material fact. Because of the foregoing hiatus, it necessarily follows that there was no evidence of the requisite knowledge or its equivalent in law. This is an unfortunate case all the way around. Nevertheless, it is our opinion that there is no evidence to sustain a cause of action at law for damages based on fraud. The final judgment is reversed. On remand, the trial court should enter judgment for the defendant on the post-trial motion for judgment in accordance with the motion for directed verdict.
Reversed and remanded.
WALDEN and CROSS, JJ., concur.