404 So.2d 147 (1981)
Roy W. CUMMINGS, Jr., and Carol Ann Cummings, Petitioners,
v.
Carl SINE and Timothy Ross Sine, Respondents.
No. 81-884.
District Court of Appeal of Florida, Second District.
September 9, 1981.
Rehearing Denied October 5, 1981.
John F. Stanley of Vega, Brown, Nichols, Stanley & Martin, Naples, for petitioners.
Ronald Napier of Napier & Donovan, Naples, for respondents.
SCHEB, Chief Judge.
Petitioners, Roy W. Cummings, Jr. and Carol Ann Cummings, his wife, seek a writ of certiorari to review the trial court's order granting respondents' motion for leave to interview jurors. An interview would be improper, they urge, because it would necessarily involve an inquiry into the thought processes of the jurors. We agree and grant the writ.
Petitioners sued respondents, Carl and Timothy Sine, to recover damages arising out of an accident in which the petitioner, Roy W. Cummings, Jr., was injured while jogging. His wife, Carol Ann, sought compensation as a derivative claimant. The jury awarded Mr. Cummings $186,000 and compensated his wife in the amount of $20,000. However, the jury found that Mr. Cummings was twenty percent at fault in the accident. Accordingly, the trial court reduced the jury award by twenty percent and entered a final judgment of $148,800 for Mr. Cummings and $16,000 for his wife. The jury was polled and each juror acknowledged the correctness of the verdict.
Respondents subsequently filed a motion to interview the jurors pursuant to Florida Rule of Civil Procedure 1.431(g), which allows a party to move for an order permitting an interview of jurors where that party believes the verdict may be subject to *148 legal challenge. They contended the verdict was subject to challenge because the final award totaled $164,800, almost the precise figure petitioners' counsel recommended to the jury as compensation for Mr. Cummings. Respondents claimed that the jury must have adjusted its award so that when the court reduced it by twenty percent, the final figure would equal the amount suggested by the petitioners.[1] Thus, respondents argued that the jury did not follow the court's instructions to the effect that while it should determine the percentage of the parties' negligence, the court would reduce any judgment accordingly. After hearing argument by counsel, the trial judge concluded "that there could be a possibility that they [the jurors] did not follow the court's instructions as to comparative negligence" and granted the respondents' motion.
Because of the great sanctity accorded jury verdicts, courts have traditionally been reluctant to allow jurors to be questioned concerning them. Thus, where the record does not reveal any misconduct or irregularity on the part of any juror, the case was fairly and impartially tried and each juror is polled and announces the verdict to be his or hers, it is improper to allow jurors to be interviewed. National Indemnity Co. v. Andrews, 354 So.2d 454, 455 (Fla.2d DCA 1978). Moreover, while courts allow interrogation of jurors where the movant has demonstrated an impropriety extrinsic to the verdict, they do not permit an inquiry into the individual thought processes, calculations or judgments of jurors. This is true even where there is some evidence on the face of the verdict that the jury failed to follow the court's instructions. Velsor v. Allstate Insurance Co., 329 So.2d 391 (Fla.2d DCA 1976).
In the instant case the respondents assert that the jurors usurped the trial court's function by raising their verdict by the amount of the reduction which they understood would be made by the trial court due to Mr. Cummings' comparative negligence.[2] To determine whether the jury calculated its verdict as alleged will necessarily involve inquiring into each juror's reasoning process and motives. This is an area of judgment which must remain inviolate. Moreover, the trial court did not question the size of the verdict nor express any doubt that it was supported by substantial competent evidence. Hence, it was improper for the court to have granted respondents' motion.
Accordingly, we grant certiorari and vacate the order allowing the jurors to be interviewed.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] In his closing argument on behalf of Mr. Cummings, petitioners' counsel stated "and when I add these all up, I get $165,050. That doesn't include one dime for future medical bills." Counsel requested a separate verdict for Mrs. Cummings but did not specify any amount.
[2] The jury awarded the husband and wife a total of $206,000. Twenty percent of $206,000 is $41,200. $206,000 reduced by $41,200 would equal $164,800, which is very close to the amount suggested by petitioners' counsel as compensation for the husband.