443 So.2d 128 (1983)
John OWEN, Individually and As Personal Representative of the Estate of Mary Ann Owen, Deceased, Appellant,
v.
BAY MEMORIAL MEDICAL CENTER, a Political Subdivision of Bay County, Florida; James DeRuiter, M.D.; Joe B. Harbison, M.D.; and Dorothy Daffin, R.N., Appellees.
No. AP-457.
District Court of Appeal of Florida, First District.
December 2, 1983.
As Clarified on Denial of Rehearing January 17, 1984.
*129 Stanley Bruce Powell of Powell & Powell, Niceville and John E. Roberts, Marianna, for appellant.
Frank C. Bozeman and Edward P. Nickinson, III of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Pensacola, for appellee Joe B. Harbison, M.D.
William E. Harris of Johnston, Harris & Gerde, Panama City, for appellees Bay Memorial Medical Center and Dorothy Daffin, R.N.
*130 Richard Smoak of Isler, Brown, Smoak, Harrison, Nabors & Bussian, Panama City, for appellee Dr. James DeRuiter.
JOANOS, Judge.
Owen appeals a final order granting appellees Joe Harbison (Harbison) and Bay Memorial Medical Center (Bay) a new trial due to juror misconduct and denying Owen's motion for a new trial on claims against appellees James DeRuiter (DeRuiter) and Dorothy Daffin (Daffin). Bay and Harbison cross-appeal the same order which denied their motions for judgment in accordance with motion for directed verdict.
We affirm the trial court's granting of a new trial by recognizing the trial judge's discretion to order a new trial and the well documented position that the grant of a new trial should not be disturbed on appeal absent a clear showing of abuse of discretion. Florida First National Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA 1981). The trial judge did not abuse his discretion by finding juror misconduct where the juror failed to disclose the recent, less than amicable ending of her client relationship with a partner of the attorney representing Bay. See Mobil Chemical Company v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983), rehearing denied November 3, 1983.
The trial court properly denied Owen's motion for a new trial against DeRuiter, as DeRuiter's liability is a separable issue. Fla.R.Civ.P. 1.530.
Owen's failure to show that Daffin breached a duty or that her actions fell below the accepted standard of care provides ample support for the trial court's directed verdict in her favor.
A motion for judgment in accordance with a motion for directed verdict should be granted only when there is no evidence presented upon which the jury could have lawfully reached its verdict. First National Bank of Stuart v. Jackson, 267 So.2d 697 (Fla. 4th DCA 1972). If the evidence is reasonably susceptible of supporting the jury verdict, then the motion should be denied. Wilson v. Tanner, 346 So.2d 1077 (Fla. 1st DCA 1977). Expert testimony reflected that Harbison's actions fell below accepted medical standards and that a crash cart should have been near the patient. This evidence is reasonably susceptible of supporting the jury's verdict, therefore the trial court properly denied the motion.
Accordingly, the trial court's order granting a new trial to Bay and Harbison, denying Owen's motion for a new trial against DeRuiter and Daffin, and denying Bay's and Harbison's motions for judgment in accordance with motion for directed verdict is AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.