GRIMES, Judge.
In this appeal from a final judgment of $61,000, appellants contend that the court erred in failing to grant a new trial because the jury improperly applied the doctrine of comparative negligence.
The case involved personal injuries which were suffered in a two car accident. At the trial there was evidence of both negligence and comparative negligence. The court gave the standard jury instruction on these issues, and the appellants requested no special instructions on such issues. Ultimately the jury returned the following verdict:
VERDICT
We, the Jury, on the claim of Plaintiff, NANCY JOHNSON MELVIN, find for the Plaintiff as follows:
1. JOSE ANTONIO ROSARIO was negligent in the following percentage 60_%.
2. NANCY JOHNSON MELVIN was negligent in the following percentage 40_%.
3. Taking into account the above-referenced percentages, we find that the Plaintiff, NANCY JOHNSON MELVIN, is entitled to 61,000 as the proper amount of damages she has sustained.
SO SAY WE ALL.
Dated: This 26 day of January 1983.
/s/ Donald F. Hickey
As Foreperson
At no time did appellants object to the form of the verdict.
Later appellants filed a motion for new trial supported by an affidavit of one of the jurors stating that the jury did not reduce the $61,000 figure by the percentage of comparative negligence. The court interviewed three jurors but their comments were indecisive as to whether or not comparative negligence had been applied to reduce the verdict to $61,000. The court denied the motion for new trial.
Appellants contend that the court erred in permitting the jury to make the reduction in the amount of the verdict attributable to comparative negligence without proper instructions. Even if appellants’ argument has any merit, it comes too late.
The court did not employ the special verdict form contained in Florida Standard Jury Instructions in Civil Cases, Model *1160 Charge No. 1. This form, which follows the suggestion of Lawrence v. Florida East Coast Ry., 346 So.2d 1012 (Fla.1977), provides for the jury to determine only the parties’ respective percentages of negligence and the plaintiff’s total damages, leaving for the court the mathematical calculation necessary to reduce the verdict by the percentage of comparative negligence. While the verdict form submitted in this case was somewhat unclear, it did instruct the jury to take into account “the above-referenced percentages” in determining damages. Be that as it may, appellants waived any ambiguities when they failed to object to the form of the verdict.
Moreover, immediately following publication of the verdict, the court asked the jury if the $61,000 figure was a net figure after the reduction of the percentage. One of the jurors answered affirmatively. This colloquy occurred in the presence of the other jurors and shortly thereafter they each agreed to the verdict in a jury poll. The fact that some of the jurors were later confused over how the verdict was reached did not provide a legal basis to set it aside. See Cummings v. Sine, 404 So.2d 147 (Fla. 2d DCA 1981).
AFFIRMED.
BOARDMAN, A.C.J., and DANAHY, JJ., concur.