461 So.2d 152 (1984)
Betty and George SCHOFIELD, Appellants,
v.
CARNIVAL CRUISE LINES, INC., et al., Appellees.
No. 84-173.
District Court of Appeal of Florida, Third District.
November 27, 1984.
Rehearing Denied January 22, 1985.
*153 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Charles R. Lipcon, Miami, for appellants.
Smathers & Thompson and Rodney Earl Walton, Miami, for appellees.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
The Schofields appeal the final judgment for defendants and the trial court's denial of their post-trial motions for leave to take the deposition of the jury foreman pursuant to Rule 1.431(g), Florida Rules of Civil Procedure, and for a new trial.
Betty Schofield, suffering from amyotropic lateral sclerosis (ALS), was injured when she fell while on a cruise aboard the vessel "Festivale." The Schofields brought suit against Carnival Cruise Lines and Festivale Maritime, Inc., asserting that the fall was due to the lack of a handrail, the failure to use stabilizers, the lack of weather warnings and the excessive speed of the vessel.
On the first morning of trial, the parties selected a jury. One of the prospective jurors was a certified public accountant by the name of Elliot Kaplan. During voir dire, the Schofields' counsel read the witness list and asked if any one of the jurors knew anyone who had been named. One of the Schofields' witnesses was a Dr. Nagaswami. Mr. Kaplan stated that he was Dr. Nagaswami's accountant. Schofields' counsel elicited from Kaplan that Kaplan's relationship would not influence him. Counsel next asked Kaplan to tell the court a little about himself, to which Kaplan replied that he was divorced, a sole practitioner and a resident of Dade County for 33 years. Counsel then inquired if Kaplan had been on any cruises, to which Kaplan replied that he owned his own boat, a 25 foot Lancer. Voir dire proceeded with Schofields' counsel asking the prospective jurors if anyone had been involved in an accident where he or she had suffered injuries that were severe enough to put one in the hospital or break a bone. The jurors answered in the negative. Further inquiry was made with regard to the jurors' knowledge of handrails and whether they had had an occasion to use them. Kaplan responded that he had used stanchions around his own boat and that while he was in the army, he encountered bad weather on a troop transport and remembered that there were handrails to grab onto. Counsel's final question to the prospective jurors was whether there was anything they felt they should tell him that hadn't been discussed so far in trying to help him pick an impartial jury. The jurors answered in the negative.
Carnival Cruise Lines' counsel began his questioning of the prospective members of the jury by directing a question to Mr. Kaplan. Kaplan was asked if he "handled the books" for Dr. Nagaswami, to which Kaplan responded in the affirmative. Counsel then stated that "during the course of this case, there will be three medical experts talking about the effect of ALS on a person and two of those... ." At this point, Schofields' counsel objected to counsel discussing what the medical experts were going to testify to before they were put on the stand. The court agreed. Carnival Cruise Lines' counsel then stated *154 that Dr. Nagaswami's qualifications as a doctor would be challenged by his client and asked Kaplan if the fact that they were challenging the qualifications of somebody that he worked for would make it impossible for him to reach a fair conclusion in the case. Kaplan replied that he didn't think so. Neither side challenged Kaplan for cause or used a peremptory challenge. Kaplan was subsequently sworn in and became the jury foreman.
On the second day of trial, the Schofields called Dr. Nagaswami as a witness. His testimony bore solely on the issue of damages in that he stated that the fall and resultant injury suffered by Mrs. Schofield exacerbated the deteriorating effects of ALS, thus shortening Mrs. Schofield's life expectancy.
After closing argument, one of the six jurors was excused at the request of the Schofields' counsel. The remaining five jurors were sent to deliberate, and returned a verdict for Carnival Cruise Lines. The jury was polled and each juror stated that the verdict given was his or her own verdict.
The Schofields' post-trial motions for new trial and judgment notwithstanding the verdict were denied. Subsequently, two and one-half months later, Schofield moved for leave to depose Mr. Kaplan. The motion was verified and asserted that Kaplan had concealed the fact that he had been in an accident and was being treated by Dr. Nagaswami. Attached to the motion was an accident report which indicated that Kaplan had suffered a possible injury. After hearing and considering the arguments of counsel, the court denied the Schofields' motion for leave to depose Kaplan. The Schofields appeal, urging error in the trial court's denial of their post-trial motions. We agree with the trial court, and affirm.
The Schofields contend that they should receive a new trial as they were denied the opportunity to select an impartial jury because of Kaplan's concealment. In Florida, three requirements must be met in order to require a new trial in this situation: "(1) a material (2) concealment of some fact by the juror upon his voir dire examination, and (3) the failure to discover this concealment must not be due to the want of diligence of the complaining party... ." Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379, 380 (Fla. 2d DCA 1972) (emphasis in original), cert. denied, 275 So.2d 253 (Fla. 1973). These three requirements were not met by the Schofields. Juror Kaplan did not conceal a material fact upon voir dire examination. He volunteered his relationship with the Schofields' witness. Counsel had every opportunity to inquire into all aspects of that relationship and chose not to. This is not a case where a juror answered the questions on voir dire falsely, Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); Smiley v. McCallister, 451 So.2d 977 (Fla. 4th DCA 1984); Redondo v. Jessup, 426 So.2d 1146 (Fla. 3d DCA), pet. for rev. den., 436 So.2d 887 (Fla. 1983), enforcing 394 So.2d 1031 (Fla. 3d DCA 1981); Minnis v. Jackson, 330 So.2d 847 (Fla. 3d DCA 1976), Skiles v. Ryder Truck Lines, Inc., supra, or concealed that he was related to or knew the parties or attorneys involved, Owen v. Bay Memorial Medical Center, 443 So.2d 128 (Fla. 1st DCA 1983); Mobil Chemical Co. v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983), pet. for rev. den., 449 So.2d 264 (Fla. 1984), or where the juror stated that she would be impartial, but during deliberation told the panel that she knew the witness and commented on his credibility, Carver v. Orange County, 444 So.2d 452 (Fla. 5th DCA 1983).
The Schofields next contend that they should be allowed the opportunity to interview juror Kaplan to determine the extent of his relationship with the witness, Dr. Nagaswami. Under Florida's liberal Rule of Civil Procedure, 1.431(g), an interview of jurors will be allowed where grounds are demonstrated which would subject the jury's verdict to challenge prior to the interview. National Indemnity Co. v. Andrews, 354 So.2d 454 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla. 1978). The rule, however, was not intended to authorize hunting expeditions. Id. at 456.

*155 If a verdict is pronounced in the presence of all jurors which presumptively has satisfied the enlightened conscience of each of them it is against public policy to inquire into the motives and influences by which their deliberations were governed. This rule is founded on the sound policy of preventing litigants or the public from invading the privacy of the jury room.
Velsor v. Allstate Insurance Co., 329 So.2d 391, 393 (Fla. 2d DCA) (footnotes omitted), cert. dismissed, 336 So.2d 1179 (Fla. 1976). Where the record does not reveal any misconduct or irregularity on the part of any juror, the case is fairly and impartially tried, and each juror is polled and announces the verdict to be his, it is improper to allow jurors to be interviewed. Cummings v. Sine, 404 So.2d 147 (Fla. 2d DCA 1981).
Although Rule 1.431(g) provides that jury interviews shall be allowed under appropriate circumstances, the decision to allow a jury interview is within the discretion of the trial court. Kasper Instruments, Inc. v. Maurice, 394 So.2d 1125 (Fla. 4th DCA 1981). The standard of review for the appellate court is whether the trial court abused its broad discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion. Ford Motor Co. v. Kikis, 401 So.2d 1341, 1342 (Fla. 1981). We find no abuse of discretion in the trial court's denial of the motion for leave to take the deposition of jury foreman, Kaplan, and the denial of the motion for new trial and, accordingly, affirm.
Affirmed.