ON REHEARING
ANSTEAD, Judge.
We grant the appellee’s petition for rehearing, withdraw our opinion of June 26, 1985, and now affirm the trial court’s order refusing to grant appellants’ permission to interview an alternate juror after that juror was excused from service and the regular jurors entered a verdict for appellee.
Our affirmance is predicated upon what we now perceive to be the policy implications of excepting an alternate juror from the provisions controlling post-judgment interviews of jurors contained in Florida Rule of Civil Procedure 1.431(g), a position that has some attraction in view of the fact that alternate jurors do not actually participate in the jury’s deliberations and decision-making process. While we agree that there may be a difference in the degree of concern between invading the privacy of the jury’s deliberations as compared to an inquiry as to the jurors’ interactions before deliberations begin, we believe that Rule 1.431(g) was intended to establish a single, uniform standard for controlling interviews with all jurors, including alternates who do not participate in the decision-making function. Compare National Indemnity Co. v. Andrews, 354 So.2d 454 (Fla. 2d DCA 1978) with Sentinel Star Co. v. Edwards, 387 So.2d 367 (Fla. 5th DCA 1980). To construe the provision otherwise would exempt an important class of jurors from the rule and leave no standard for determining when an interview of alternates would be appropriate. We do not believe that was the intent of the Supreme Court in enacting the rule controlling the post-trial interview of jurors. Under this interpretation of the rule we will have a single, uniform standard and the fact that the juror was an alternate will merely be one factor for the trial court to consider in exercising its discretion under the rule.
Applying the provisions of the rule, we find no abuse of discretion in the trial court’s refusal to allow an interview in the face of appellants’ claims that the jury returned a verdict after only five minutes of deliberation and that the alternate juror had commented to appellants’ counsel that she would find it difficult to deliberate with the other jurors. Neither of these contentions, in our view, sufficiently undermines confidence in the jury’s verdict to mandate an interview with the alternate juror.
DOWNEY and WALDEN, JJ., concur.