493 So.2d 542 (1986)
Elizabeth PERL, Appellant,
v.
K-MART CORPORATION, D/B/a K-Mart Stores, Appellee.
No. 85-2271.
District Court of Appeal of Florida, Third District.
September 9, 1986.
Fine, Jacobson, Schwartz, Nash, Block & England, P.A., and Arthur England and Charles M. Auslander, Miami, for appellant.
Peters, Pickle, Flynn & Niemoeller and Donna C. Hurtak, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
The appellant, Elizabeth Perl, sued the appellee, K-Mart Corporation, after she slipped and fell at a K-Mart store. The jury returned a verdict for K-Mart. Perl moved for a new trial alleging that Frank Bower, a juror who ultimately became foreman of the jury, misrepresented material facts during voir dire. Her motion was denied. We agree with Perl that the trial court erred in denying the motion for a new trial and, for the reasons which follow, reverse and remand for further proceedings.
During the course of voir dire, counsel for Perl asked all the jurors, including Frank Bower, whether any of them had ever been party to a lawsuit either as a plaintiff or as a defendant. Bower responded that, in his capacity as a partial owner of an automobile company, his company had been sued once for improperly repairing a car. Bower did not recall any other involvement in litigation. After the trial concluded, counsel for Perl discovered that Bower and his automobile company had been involved in litigation at least twenty times and that he personally had been a plaintiff in a lawsuit brought by his condominium association against a developer.
In Schofield v. Carnival Cruise Lines, 461 So.2d 152, 154 (Fla. 3d DCA), rev. denied, 472 So.2d 1182 (Fla. 1984), this court recognized that a three-part test must be met before a new trial will be required because of a juror's nondisclosure of information: (1) the facts must be material; (2) the facts must be concealed by the juror upon his voir dire examination; and (3) the failure to discover the concealed facts must not be due to the want of diligence of the complaining party. See also Redondo v. Jessup, 426 So.2d 1146 (Fla. 3d DCA), rev. denied, 434 So.2d 887 (Fla. 1983). Bower's denial of personal involvement in any lawsuits and his extremely limited response with respect to lawsuits against his company involving personal injuries amount to a concealment of material facts. The failure of plaintiff's counsel to discover the material, concealed facts did not result from a want of diligence on his part.
K-Mart's reliance on the result in Schofield is misplaced. In Schofield, there was *543 ample opportunity for counsel to make an inquiry following the prospective juror's revelation that he had had professional contact with an expert witness in the case. K-Mart's assertion that the inquiry by Perl's counsel was equivocal and that Bower's answers were honestly given is not supported by the record. We accordingly reverse and remand for a new trial.
Reversed and remanded for a new trial.