PER CURIAM.
Immediately after a jury trial resulting in a plaintiffs verdict for damages less than requested, plaintiff Watson’s attorney orally requested an interrogation of the jury regarding a quotient verdict. The basis for the request was set forth by Watson’s attorney as follows:
Your Honor, I’m concerned because when the jury came out of the jury room, I saw one of the jurors had a calculator and right underneath it, he had — it looks like a copy of our paper, our local Tampa Tribune, and I don’t know if he was in there using his financial section as part of their calculations.
The jury was polled at Watson’s request and each indicated that the verdict was his or her verdict. At this point Watson’s attorney asked the trial judge to interview the jury foreman. The trial judge did interview the juror in chambers, with counsel present, and said juror stated that the newspaper was never utilized in any way by the jury and that the calculator was used to add up what the jury thought was appropriate for past and present compensation. The jury was then discharged.
After final judgment was entered plaintiff Watson filed a motion for new trial and, subsequently, a motion to interview jurors. The motion stated generally that the verdict “was obviously a quotient verdict” but did not specify why this was so. The trial judge granted the motion to interview as to two of the jurors. This petition for certiorari challenges that order.
At the hearing on the motion to interview jurors, plaintiff’s attorney pointed to three circumstances in support of the motion: the matter of the newspaper, the calculator and the fact that both parties had put reasonable damages in even figures but the jury verdict was for an odd number.
As stated in Cummings v. Sine, 404 So.2d 147, 148 (Fla. 2d DCA 1981):
Because of the great sanctity accorded jury verdicts, courts have traditionally been reluctant to allow jurors to be questioned concerning them. Thus, where the record does not reveal any misconduct or irregularity on the part of any juror, the case was fairly and impartially tried and each juror is polled and announces the verdict to be his or hers, it is improper to allow jurors to be interviewed. National Indemnity Co. v. Andrews, 354 So.2d 454, 455 (Fla. 2d DCA 1978). Moreover, while courts allow interrogation of jurors where the movant has demonstrated an impropriety extrin *33 sic to the verdict, they do not permit an inquiry into the individual thought processes, calculations or judgments of jurors.
We hardly think that a verdict not being in an even amount is a reasonable or objective ground to suspect a quotient verdict. The folded copy of the newspaper and the presence of the calculator also do not reasonably lead to that conclusion. This is especially so here where the jury foreman had already been interviewed as to the newspaper and calculator and had not even remotely indicated any basis for suspecting a quotient verdict.
Accordingly, we grant certiorari and vacate the order allowing the jurors to be interviewed.
RYDER, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.