SHIVERS, Judge.
Plaintiffs/appellants, Jack and Faith Drew, appeal the trial court’s order denying their motion for new trial based on jury misconduct and remarks made by defendants’ counsel during closing argument. Defendants present an issue on cross appeal, which they argue this court should consider only in the event that it finds appellants’ issues to warrant reversal.
We affirm the finding by the trial court that new trial was not warranted by a juror’s failure to reveal, during voir dire, that the senior partner of the law firm representing the plaintiff had represented the juror’s husband in her dissolution of marriage action some fifteen years prior to the trial in the instant case. Under the unique circumstances of this case, the trial court could have found, without abusing its discretion, that the questions propounded to the juror were reasonably susceptible of misinterpretation, Mitchell v. State, 458 So.2d 819 (Fla. 1st DCA 1984); that the undisclosed information was not material, Perl v. K-Mart Corp., 493 So.2d 542 (Fla. 3d DCA 1986); Schofield v. Carnival Cruise Lines, Inc., 461 So.2d 152 (Fla. 3d DCA 1985); or that the fact that the senior partner of the plaintiff’s firm had once represented her ex-husband did not affect her ability to render a fair and impartial verdict, Mobil Chemical Company v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983). Since a trial court’s decision to grant or deny a motion for new trial is a matter of broad discretion, not to be disturbed on appeal absent an abuse of discretion, we *1024 affirm. Florida First National Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA 1981); Owen v. Bay Memorial Medical Center, 443 So.2d 128 (Fla. 1st DCA 1983).
We affirm appellants’ second issue as well, since the allegedly improper remarks made by defense counsel were not objected to by plaintiffs’ counsel.
In light of our affirmance of these two issues, we need not reach the issue raised on cross appeal.
ZEHMER, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.