WALDEN, Judge,
dissenting.
A jury returned a verdict in the sum of $600,000.00 in favor of appellant, Rohan Kelley, as Personal Representative of the Estate of Isadore H. Agos, deceased. Post trial, the trial court vacated and set aside the verdict and entered judgment in favor of respondents/appellees.
During the last year and a half of Mr. Agos’ life (he died at age 83) Hilda Sha-gets, served as his friend, confidant and housekeeper. Mrs. Shagets’ name was added to Mr. Agos’ bank accounts and she thereby through many transactions and withdrawals acquired a substantial amount of Mr. Agos’ assets. Mr. Kelley sued Mrs. Shagets, her children and her sister saying in essence that no gift was made and that the transfers were the result of undue influence and that Mr. Agos lacked the requisite mental capacity to make a valid gift. As might be expected in a five day trial with issues of this nature, there were considerable conflicts in the testimony.
I respectfully dissent because, in my opinion, there was more than adequate evidence upon which the jury could have lawfully reached its verdict. As I see it, the trial court simply re-weighed the evidence and substituted its judgment for that of the jury.
Finally, as a sideline, appellees devoted 30 pages of their brief and a good portion of their oral argument to assertions that the jury verdict was advisory only so that the trial court could reject the verdict by using the standard that same was against the manifest weight of . the evidence. I think this position is clearly erroneous for two reasons. First, the trial court did not rule upon appellees’ Motion To Reject Advisory Jury Verdict and I see no indication that the trial court considered the verdict as being merely advisory. Second, paragraph three of the two dispositive orders which vacated the jury verdict reveals the proper test employed by the trial court:
Viewing all of the evidence in a light favorable to Petitioner, resolving any conflicts in the evidence in favor of Petitioner, and drawing every reasonable conclusion in favor of the Petitioner from the evidence before the jury, there was a total absence of evidence before the jury for the jury to reasonably conclude that the decedent Isadore Agos lacked sufficient mental capacity to transfer his property to Respondents at the time of the transfers or that the transfers by Isadore Agos were the result of undue influence of Respondents or any one of them upon Isadore Agos at the time of the transfers.
I would reinstate the jury verdict because there was substantial competent evidence presented, circumstantial and otherwise, which would allow the jury to lawfully reach the verdict which it reached. Owen v. Bay Memorial Medical Center, 443 So.2d 128 at 130 (Fla. 1st DCA 1983); First National Bank of Stuart v. Jackson, 267 So.2d 697 (Fla. 4th DCA 1972); Landry v. Sterling Apartments, Inc., 231 So.2d 225 (Fla. 4th DCA 1969); Tiny’s Liquors, Inc. v. Paul Davis, 353 So.2d 168 at 169 (Fla. 3d DCA 1977).
I do, therefore, dissent.