546 So.2d 733 (1989)
Eve TAYLOR, As Personal Representative of the Estate of Janice Knowles, Deceased, Appellant,
v.
PUBLIC HEALTH TRUST OF DADE COUNTY, d/b/a Jackson Memorial Hospital; University of Miami School of Medicine, Appellees.
Nos. 87-2472, 87-2855.
District Court of Appeal of Florida, Third District.
May 16, 1989.
Rehearing Denied August 8, 1989.
Stanley M. Rosenblatt and Daniel K. Bandklayder, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, Robert A. Ginsburg, Co. Atty., and Stephen J. Keating, Asst. Co. Atty., for appellees.
Before BARKDULL, HUBBART and COPE, JJ.
*734 PER CURIAM.
This is an appeal by the plaintiff Eve Taylor from a final judgment entered upon an adverse jury verdict in a wrongful death, medical malpractice action. The plaintiff raises various points on appeal which, we conclude, do not present reversible error. We accordingly affirm.
First, we conclude that the trial court did not abuse its discretion in denying the plaintiff's motion for a new trial based on a one-word response ("no") of the jury foreman made during voir dire examination of the jury after a statement was made by defense counsel that the juror had neglected to answer a question on the jury questionnaire concerning the juror's possible involvement in prior lawsuits. Contrary to the plaintiff's argument, the subject response was ambiguous in nature and did not constitute, as urged, a misrepresentation of fact concerning the juror's involvement with a pending lawsuit; moreover, the plaintiff's counsel made no inquiry into this matter and did not seek to clarify the ambiguous response. See Blaylock v. State, 537 So.2d 1103, 1107 (Fla. 3d DCA 1988); Drew v. Couch, 519 So.2d 1023, 1023 (Fla. 1st DCA), rev. denied, 529 So.2d 693 (Fla. 1988); Schofield v. Carnival Cruise Lines, Inc., 461 So.2d 152, 154 (Fla. 3d DCA 1984), rev. denied, 472 So.2d 1182 (Fla. 1985); see also McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 554-56, 104 S.Ct. 845, 849-50, 78 L.Ed.2d 663, 670-71 (1984); c.f. Mitchell v. State, 458 So.2d 819, 821 (Fla. 1st DCA 1984).
Second, the trial court did not commit reversible error in denying the plaintiff's challenge for cause directed to a prospective juror. This is so because (1) the said juror did not serve on the jury as he was excused by the plaintiff upon a peremptory challenge, and (2) although the plaintiff exhausted her peremptory challenges, she did not request an additional challenge nor indicate in any way that she was dissatisfied with any member of the jury which tried the case. Based on the controlling and indistinguishable authority of Hill v. State, 477 So.2d 553 (Fla. 1985) and Anderson v. State, 463 So.2d 276 (Fla. 3d DCA 1984), rev. denied, 475 So.2d 693 (Fla. 1985), cert. denied, ___ U.S. ___, 108 S.Ct. 2870, 101 L.Ed.2d 905 (1988), the plaintiff has not been harmed by the ruling complained of and, therefore, no reversible error has been shown.
Finally, no reversible error has been shown in either the denial of the post-trial motion to interview jurors because no juror misconduct was shown on this record to merit such an interview, Kasper Instruments, Inc. v. Maurice, 394 So.2d 1125, 1128 (Fla. 4th DCA 1981); see Judson v. Nicson Eng'g Co., 478 So.2d 1188, 1189 (Fla. 4th DCA 1985), rev. dismissed, 496 So.2d 143 (Fla. 1986); Dover Corp. v. Dean, 473 So.2d 710, 712 (Fla. 4th DCA), rev. denied, 475 So.2d 693 (Fla. 1985); Cummings v. Sine, 404 So.2d 147, 148 (Fla. 2d DCA 1981), or in the closing argument of counsel for Metropolitan Dade County because no objection to the argument was made, and the complained-of comments do not rise to the level of fundamental error. See Honda Motor Co. v. Marcus, 440 So.2d 373, 376 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 886 (Fla. 1984); Wasden v. Seaboard Coast Line R.R., 474 So.2d 825, 832 (Fla. 2d DCA 1985), rev. denied, 484 So.2d 9 (Fla. 1986); Russell v. Guider, 362 So.2d 55 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1373 (Fla. 1979).
The final judgment under review is, therefore, in all respects,
Affirmed.